THE PEOPLE v. JAMES McMILLAN.

52   627.
66   471

*Forgery—Criminal procedure.*

Forgery and uttering a forgery are two distinct offences; and a person cannot be convicted under an information for forgery when the complaint on which he was examined only charged him with uttering the forgery.

Error to Schoolcraft. (Steere, J.) Jan. 30.—Feb. 8.

Information for forgery. Respondent brings error. Reversed.

*Geo. K. Newcombe* for respondent appellant.

Attorney General *Jacob J. Van Riper* for the People.

CAMPBELL, J. Respondent was complained of and examined on a charge of uttering a forged check of Van Winkle & Montague on the Caro Exchange Bank for $97.65. The information contained counts for forgery and for the offense of uttering and publishing. On the trial the testimony indicated that he had passed the forged paper on one Epstine. The court when requested refused to charge that he could not under the original complaint on which he was examined and under which the information was supposed to be authorized, be convicted of the crime

of forgery.    He was found guilty generally, and was sentenced for the specific crime of forgery.

As under our statutes these two offenses are distinct and separate crimes, and as under our criminal practice, as fixed by law, a prisoner cannot be lawfully prosecuted by information for a crime on which he has not been examined, or waived examination, there was error in refusing this request, and in dealing with him for forgery.

There are some other points in the case, but as they are not likely to arise hereafter without such oversight as we are not disposed to anticipate, we make no reference to them.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.