Desmond, J.
These two defendants were arrested, arraigned and sentenced together and the question of law is the same in each case. Each defendant appeals here from an affirmance by the County Court of Jefferson County of a judgment of the City Court of Watertown entered on her plea of guilty and convicting her of petit larceny on an information sworn to on the same day on which she, then 16 years old, was arrested, arraigned and pleaded guilty. Pour days later each defendant was committed to Guardian Angel School at Troy, N. Y. The principal ground of appeal is that defendants were deprived of their rights as to representation by counsel. We think that position is well taken and that there must be a reversal and a new trial as to each defendant.
The annals are short and simple. The whole of the City Court proceedings on the day of arraignment and plea as to defendant Marincic are as follows:
*183 “ The Court: (To Defendant Betty Jane Marincic) Any of your people here?
“ Defendant Marincic: Yes.
“The Court: (Information read in full to Defendant). You are charged with Shoplifting. You are entitled to counsel at any stage of these proceedings and before any further proceedings are had, to trial by Jury, an adjournment and to have bail fixed.
“ How do you plead?
‘ ‘ Defendant Marincic: Guilty.
“ The Court: I will make the same disposition — defer it until Friday at 10 a.m. for the Probation Report.”
Then followed a colloquy between the court and defendant Smith word for word the same, except for the difference of name.
The applicable statute is section 699 of the Code of Criminal Procedure:
“ § 699. Magistrate to inform defendant of right to counsel; charge to be read to defendant, and he required to plead.
“1. In the cases in which the courts.of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage ofi the proceedings, and before any further proceedings are had.
“ 2. The magistrate must allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose. Upon request of the defendant, the magistrate must require a peace officer to take a message to such counsel, within the town or city, as the defendant may name, and the officer must, without delay and without fee, perform that duty.
“3. If defendant require counsel, then immediately after the appearance of counsel or if none appear, after waiting a reasonable time therefor, and if defendant do not require counsel, then immediately the charge against the defendant must be distinctly read to him, and he must be required to plead thereto, except as otherwise provided by law in relation to violations of traffic laws, ordinances, rules and regulations.”
Thus, each of these defendants, when brought before the City Court Judge, had to be informed of the charge against her and of her right to the aid of counsel at every stage of the proceedings and had to be allowed a reasonable time to send *184 for counsel and an adjournment for that purpose, and the court was required to send for counsel if defendant should so request. The statute necessarily means, to he effective at all, that the court must make it clear to a defendant (especially one of tender years) that her right is not only to have counsel if she so wishes hut also to have all further proceedings postponed until she shall have consulted with counsel and taken his advice, etc. Telling a defendant, probably ignorant of court procedures, that she is entitled to counsel, trial by jury, adjournment, bail, etc., and then immediately, without waiting for any reply from the defendant, asking her how she pleads and taking her guilty plea is not a compliance with either the spirit or the language of that section (People v. Palmer, 296 N. Y. 324, 326). In the Palmer opinion (p. 326) after describing defendant’s first appearance in court when he had been told of his right to counsel and to an adjournment and had first said that he understood the charge and then had said that he did not know which way to plead, we said this: “If defendant at that point had pleaded guilty, there would, probably, have been a violation of the second subdivision of section 699 of the Code of Criminal Procedure, which requires a magistrate to ‘ allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose.’ ” That was obiter dictum but it was a statement by this court (the dissent was not as to that statement) that a colloquy such as was had between the City Judge and the two defendants in the present case does not meet the requirement of section 699 (supra) that the court must allow defendant time to send for counsel and must if necessary adjourn the proceedings for that purpose. In both Palmer opinions there is cited People v. McLaughlin (291 N. Y. 480) holding that a defendant is entitled not only to be informed of his right to counsel but to be given a real opportunity to get counsel and to take his advice and aid.
The District Attorney’s brief on this appeal points to the differences between section 699 {supra), applicable in Special Sessions, and section 308 of the Code of Criminal Procedure, dealing with arraignment after indictment. The principal verbal difference is that in section 699 the magistrate is directed to inform the defendant of his right to the aid of counsel, etc., whereas by section 308 a defendant must be asked if he wishes counsel. The Palmer opinions {supra) and the cases they cite *185 suggest that there is little real difference between the meanings of the two sections in this respect. The requirements as to aid of counsel in section 699 were enacted pursuant to a recommendation of the Law Revision Commission which is explained beginning at page 95 of that Commission’s 1940 Report. That report called to the attention of the Legislature the inapplicability to Special Sessions arraignments of the then provisions of the Code of Criminal Procedure requiring that the defendant be notified before any other proceedings are had as to his right to counsel, etc. The substance of that Law Revision Commission Report, on which the Legislature acted, is that at every arraignment, whether on indictment or information, the defendant must be told of his right to counsel and of his right to an adjournment for the purpose of getting counsel and must be given a reasonable opportunity to ask for counsel and ask for such adjournment, all this before being forced to plead. That opportunity was not given to these defendants.
The County Judge, in affirming these judgments, wrote an opinion in which he expressed the view that the Code of Criminal Procedure provisions were complied with. He stated also, in passing, that the remedy here was by coram nobis not by appeal. People v. Palmer (296 N. Y. 324, supra) is to the contrary.
The judgments should be reversed and a new trial ordered as to each defendant.
Conway, Ch. J., Dye, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.
Judgments reversed, etc.