PEOPLE *v.* ATKINS.

1. CRIMINAL LAW—FORGERY—OPPORTUNITY TO HAVE ADVICE OF COUNSEL—PLEADING.

Trial court committed reversible error in prosecution of 16-year-old minor for uttering and publishing a forged check and forgery, where defendant was told he might hire counsel or have one furnished to him and, without having an opportunity to request counsel, was asked to plead, especially where record shows a lack of comprehension of the proceedings on the part of the immature defendant (CL 1948, §§ 750.248, 750.249; GCR 1963, 785).

2. SAME—FORGERY—UTTERING AND PUBLISHING—CONSEQUENCES OF PLEA OF GUILTY.

Court's statement to 16-year-old defendant in prosecution for uttering and publishing a forged check and for forgery that he would be dealt with according to law in such kind of a case *held,* insufficient compliance with requirement of court rule that trial court inform the defendant of the consequences of plea of guilty, it being requisite that the defendant be informed of the elements of the crime and the possible minimum and maximum sentences for the crimes charged (CL 1948, §§ 750.248, 750.249; GCR 1963, 785.3).

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 October 6, 1965, at Lansing. (Docket No. 508.) Decided January 25, 1966. Rehearing denied April 1, 1966.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Calvin Atkins was convicted of uttering and publishing a forged check and of forgery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *Julius I. Hanslovsky,* Assistant Prosecuting Attorney, for the people.

*Warner, Hart, Warner & Timmer (Ronald G. Morgan,* of counsel), for defendant.

McGREGOR, J. The defendant appeals from his conviction in the Ingham county circuit court on a plea of guilty on two felony charges: first, uttering and publishing a forged check,[1] and second, forgery.[2] Defendant, then only 16 years old, was sentenced to concurrent terms of 2-1/2 to 14 years on each count. Jurisdiction was waived in the probate court for Ingham county, defendant being represented by a court-appointed attorney. Subsequently, the defendant appeared without counsel in the municipal court and waived examination.

The relevant portion of the circuit court arraignment at which defendant appeared without counsel, is as follows:

"*Court.* In other words, in count 1 of the information you are charged with forging this check in the name of Michael Goss on the reverse side of this check. Is that right?

"*Defendant. No, I didn't forge it.* (Emphasis supplied.)

"*Court.* And count 2 is the passing or cashing of the check. Now, under the laws of Michigan you can have a trial on this if you want to, a trial before

---

[1] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).—REPORTER.

[2] CL 1948, § 750.248 (Stat Ann 1962 Rev § 28.445).—REPORTER.

myself as circuit judge, or a trial before a jury, whichever you decide upon. Further, you have the right to be represented by a lawyer. That would be any lawyer that you might care to hire, or if you did not have sufficient money to hire your own attorney, Ingham county would furnish you a lawyer. Do you understand that?

"*Defendant.* Yes.

"*Court.* With that in mind, how are you going to plead?

"*Defendant.* Guilty.

"*Court.* Guilty. Now, has anyone made any threats or promises to you to get you to plead guilty?

"*Defendant.* No.

"*Court.* Do you understand that you will be dealt with according to the laws of Michigan pertaining to this kind of a case?

"*Defendant.* Yes.

"*Court.* Just be seated and I will talk with you."

(Conferring in chambers.)

"*Court.* In the case of the People of the State of Michigan *v*. Calvin Atkins, let the record show that I have talked with Mr. Atkins in my office and he admits to offenses charged in the information. He admits taking this check while employed as a messenger from the city controller's office. Isn't that right?

"*Defendant.* Purchasing.

"*Court.* Purchasing department. And that you and some other boy, a fellow named Johnson, cashed the check and signed it. The other boy cashed it and you got half the money, isn't that right?

"*Defendant.* Yes."

Did the defendant understandingly waive his right to counsel and plead guilty to each of the two charges? The court rules require the trial courts to follow the following procedure:

"If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him." GCR 1963, 785.3(1).

The circuit judge informed the defendant of his rights but failed to ascertain whether the boy wanted counsel. Proper concern for the rights of a minor defendant requires that the court grant an opportunity to request counsel. Here, the defendant was asked to plead before such an opportunity was given. Judge Desmond, writing for a unanimous court in *People* v. *Marincic* (1957), 2 NY2d 181, 184 (139 NE 2d 529, 158 NYS 2d 569, 571) held that:

"Telling a defendant, probably ignorant of court procedures, that she is entitled to counsel, trial by jury, adjournment, bail, et cetera, and then immediately, without waiting for any reply from the defendant, asking her how she pleads and taking her guilty plea is not a compliance with either the spirit or the language of that section (of the statute). * * * [A] defendant is entitled not only to be informed of his right to counsel but to be given a real opportunity to get counsel and to take his advice and aid."

The facts in *Marincic* were functionally the same as in the instant case. The New York court of appeals reversed a conviction of petty larceny on a plea of guilty made by a 16-year-old girl. Although the language of the New York statute governing proceedings and arraignment is substantially different from GCR 1963, 785.3, yet the meaning and purpose are identical. This Court holds that the trial court should have inquired of the defendant whether or not he wished counsel, and, if so, have

given him an opportunity to obtain the advice of such counsel.

The record herein shows the failure of the trial court to properly protect the rights of an immature defendant who may not have completely understood the nature of the charges against him. That portion of the record at arraignment which indicates that the defendant first denied forging of the instrument and then tendered a plea of guilty seems to show a lack of comprehension of the proceedings on his part. Did defendant plead guilty to both charges or only to the charge of uttering and publishing? If there is any cause for doubt that the defendant understands the nature of the accusations, the trial court must explain to him the elements of the crimes charged. *People* v. *Hunn* (1965), 1 Mich App 580.

GCR 1963, 785 also requires the court to inform the defendant of the consequences of his plea before sentencing. The court informed the young defendant that he would be dealt with according to the laws of the State pertaining to his kind of case. This Court does not believe that in the case of a 16-year-old boy such a statement in itself is sufficient compliance with the court rule. The circuit judge should have informed him of the possible minimum and maximum sentences for the crimes charged.

The judgment is reversed and the case is remanded for further proceedings.

Quinn, P. J., and Watts, J., concurred.