PEOPLE v. CURTIS LEE WILLIAMS.

CRIMINAL LAW—BREAKING AND ENTERING—PLEA OF GUILTY—ADVICE
OF COUNSEL—CONSEQUENCES OF PLEA.

It was reversible error for trial court to accept plea of guilty
from 16-year-old defendant, charged with breaking and enter-
ing in the nighttime, where court advised him of his right to
counsel but gave defendant no opportunity to request
counsel and failed to inform defendant of the consequences of
his plea of guilty (CL 1948, § 750.110; GCR 1963, 785.3).

Appeal from Ingham; Coash (Louis E.), J. Sub-
mitted Division 2 November 3, 1965, at Lansing.
(Docket No. 768.) Decided January 25, 1966. Re-
hearing denied March 30, 1966.

Curtis Lee Williams was convicted of breaking
and entering in the nighttime. Defendant appeals.
Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald L. Reisig,*
Prosecuting Attorney, and *James R. Ramsey,*
Assistant Prosecuting Attorney, for the people.

*Thomas P. Mitchell,* for defendant.

McGREGOR, P. J. The defendant appeals from his
conviction in the circuit court for Ingham county on
a plea of guilty to the felony of breaking and entering

---

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 486 *et seq.*
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof, 97 ALR
2d 549.

in the nighttime.[1] Defendant, then only 16 years old, was sentenced to 3 to 5 years. The trial court journal shows the sentence to be 3 to 15 years. Upon defendant's appearance without counsel in circuit court for arraignment, the information was read to him. The proceedings then continued as follows:

*"Court.* Now, do you understand the charge against you?
*"Defendant.* Yes.
*"Court.* In other words, you are charged with breaking and entering in the nighttime with intent to commit a larceny there in Gregg's Grocery at 1320 West Kalamazoo street in the city of Lansing on the 22d day of April, 1964. Do you understand that?
*"Defendant.* Yes, sir.
*"Court.* Under the laws of Michigan you can have a trial on this charge if you want to, a trial before myself as circuit judge, or a trial before a jury, whichever you decide upon. Further you have the right to be represented by a lawyer. That would be any lawyer that you might care to hire; or if you did not have sufficient money to hire your own attorney, Ingham county would furnish you a lawyer. Do you understand that?
*"Defendant.* Yes.
*"Court.* How are you going to plead?
*"Defendant.* Guilty.
*"Court.* Guilty?
*"Defendant.* Yes.
*"Court.* Has anyone made any threats or promises to you to get you to plead guilty?
*"Defendant.* No.
*"Court.* Is it your own free act and deed?
*"Defendant.* Yes.
*"Court.* Do you understand you will be dealt with according to the laws of Michigan pertaining to this kind of case?
*"Defendant.* Yes.

---

[1] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).—REPORTER.

*"Court.* All right. Just be seated and I will talk with you.

(Conferring in chambers.)

*"Court.* In the case of the people of the State of Michigan v. Curtis Lee Williams, let the record show that I have talked to Mr. Williams in my office. He admits the offense charged in the information. He admits breaking into the grocery store described in the information about 12:30 in the morning, and he got some cigarettes and wine and some other things, didn't you?

*"Defendant.* Yes, sir.

*"Court.* And the court finds that his plea of guilty is voluntary and will be accepted, and remanded to the county jail to await sentence."

The plea of guilty was not properly accepted. The defendant was not given an opportunity to request counsel. The court failed to inform him of the consequences of his plea.[2] These issues are fully discussed in *People* v. *Atkins* (1966), 2 Mich App 199 and the resolution therein applies fully to the instant case.

Judgment is reversed and the case is remanded.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.

---

[2] See GCR 1963, 785.—REPORTER.