PEOPLE *v.* LEACH.

1. CRIMINAL LAW—DEFENDANT NOT REPRESENTED BY COUNSEL—FAIR TRIAL.
   Fair trial can be conducted and justice accorded a defendant even though he is not represented by counsel.

2. SAME—INFORMATION TO ACCUSED—PLEA OF GUILTY—SENTENCE.
   Trial court has a duty to inform accused of the nature ·of the accusation against him after accepting a plea of guilty and before imposing sentence (GCR 1963, 785.3[2]).

3. SAME—ACCEPTANCE OF PLEA OF GUILTY—SENTENCE—CONDITIONS.
   Court must ascertain whether or not the plea of guilty is freely, voluntarily, and understandingly made before accepting plea or imposing sentence (GCR 1963, 785.3[2]).

4. SAME—ACCEPTING PLEA OF GUILTY—EXPLAINING MAXIMUM SEN·TENCE.
   Defendant must depend upon court for understanding of complaint and consequences of plea of guilty and trial judge has duty to define maximum sentence specifically when asked by defendant (GCR 1963, 785.3[2]).

5. SAME—PLEA OF GUILTY—UNEXPLAINED MAXIMUM SENTENCE.
   Defendant's plea of guilty after trial judge failed to explain maximum sentence that defendant could get even though defendant stated he did not understand maximum *held*, not freely nor voluntarily made (GCR 1963, 785.3[2]).

Appeal from Ionia; Bebeau (Leo B.), J.  Submitted Division 3 January 4, 1966, at Grand Rapids. (Docket No. 807.)  Decided April 12, 1966.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 317, 318.
[2–5] 21 Am Jur 2d, Criminal Law §§ 486, 487.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Fred C. Leach was convicted of escape and as a third offender. Defendant appeals. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Walter M. Marks*, Prosecuting Attorney, for the people.

*Harry H. Gemuend*, for defendant.

Watts, P. J. Defendant Fred C. Leach pleaded guilty in the Ionia circuit court of feloniously leaving the Michigan reformatory, a prison of the State of Michigan, without being discharged from the prison by due process of law.[1] The offense was charged as a third felony under CLS 1961, § 769.11 (Stat Ann 1954 Rev § 28.1083). He was sentenced to a minimum of 2 years and a maximum of 6 years, the sentence was to run consecutively, that is, to be added to any sentence or sentences that he was then required to serve. Defendant's motion to vacate sentence, to withdraw plea of guilty, and for a new trial was denied, and defendant appeals.

A motion for a new trial was filed by court-appointed counsel for the defendant.

"*The Court:* I would say also this motion presents the question as to whether the court should appoint counsel for an indigent person when he doesn't want counsel and when he does not want to be tried by a jury.

"Those are—those pretty well sum up the facts of this matter. * * *

"Now, as I understand the *Gideon Case*,[2] it was a case where the defendant in that case requested counsel and the court refused him. We have a situ-

---

. [1] CLS 1961, § 750.193 (Stat Ann 1962 Rev § 28.390).

[2] *Gideon* v. *Wainwright* (1963), 372 US 335 (83 S Ct 792, 9 L ed 2d 799, 93 ALR2d 773).

ation here where the court offered the defendant counsel, offered a trial, and the examination of the defendant indicated very distinctly and clearly that he did [not] want a jury trial, nor did he want counsel.

"Now the question arises as to whether or not this court can force every defendant that appears before it to accept counsel, to cooperate with counsel, and to aid in his defense, and to take a jury trial. I just wonder whether or not we are violating the constitutional rights of a person if he very clearly and distinctly states that he doesn't want either a trial or counsel. How is this court going to force both upon the defendant? And a defendant may be severely embarrassed by going through a trial. He may be punished by going through a trial, and he wants to avoid that. Can this court force it on him? And that's what the court would have had to have done in this particular case is force the defendant to trial and force an attorney upon him. And I think I would be violating his constitutional rights if I put him through a trial, through the possible embarrassment and possible misery of a trial.

"Now he has changed his mind, and he said he would like to have a trial and like to have an attorney. And if he has changed his mind and would like to have a trial and would like to have an attorney, then it seems as though we can't hold arraignments without forcing an attorney upon the defendant. Possibly that's what it will come to, that we will take it upon ourselves by law or court rule to force every defendant to accept the services of an attorney and force every defendant to have a trial. That might resolve some of the problems that we have and let them have their appeal after the trial. Now, it appears as though if they don't want a trial and the court cooperates with them and they don't want an attorney and the court cooperates with them, then later on they ask to withdraw the plea and they want a trial and then after that they're

going to ask for an appeal if there happens to be a conviction. So we would never get through with it.

"So, I am going to deny the motion."

We do not agree with the issues as stated by the trial judge, neither do we subscribe to the proposition that no trial can be fairly conducted and justice accorded a defendant who is not represented by counsel. *People* v. *Henley* (1965), 2 Mich App 54.

We do subscribe to GCR 1963, 785.3(2):

"If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

The trial court owes a duty to inform the accused of the nature of the accusation. As a condition of accepting the plea of guilty and imposing sentence, the court shall ascertain whether or not the plea was freely, understandingly, and voluntarily made. In our opinion, the key requirement is that the defendant shall understand the nature of the accusation and the consequences of his plea of guilty to the alleged violation of the law.

The question involved in the instant case is: Was the defendant afforded procedural protection stated in the said court rule?

The record clearly indicates that the defendant did not understand the consequences of his plea of

guilty to the violations of the law with which he is charged.

"*The Court:* It is your desire to plead guilty to this charge of escape which is charged as a third felony?

"*Defendant:* Yes, Your Honor.

"*The Court:* And you understand the possible consequences of such a plea that you may be confined to prison for a number of years?

"*Defendant:* The only thing I don't understand, Your Honor, is the maximum.

"*The Court:* Well, do you understand that you can be sentenced to prison in making this plea, that you can be sentenced to prison as a result of your plea of guilty?

"*Defendant:* Yes, Your Honor.

"*The Court:* I accept your plea as having been freely and voluntarily made at a time when the defendant understands the possible consequences of such a plea."

The court did not answer the defendant's question relative to the maximum penalty.

We are cognizant of the facts of life that man is not created with equal mental capabilities, that even intelligent laymen have little or no skill in the science of the law when appearing in court without counsel. A defendant must depend upon the court for his understanding of the complaint and the consequences of a plea of guilty. The trial judge had the duty when asked the maximum term to define it specifically. See *People* v. *Johnson* (1966), 2 Mich App 182; *People* v. *Barrows* (1959), 358 Mich 267.

It is our opinion that the defendant made a confession in open court to the commission of a crime, the consequences of which he did not know. The record clearly shows that the defendant's plea of guilty was not voluntarily made.

Judgment is reversed, and the cause is remanded to the trial court for further action not inconsistent with this opinion. We limit our holding to the particular facts and circumstances of the instant case.

FITZGERALD and HOLBROOK, JJ., concurred.