PEOPLE v. SMITH.

CRIMINAL LAW—UNLAWFULLY DRIVING AWAY AN AUTOMOBILE—AC-CEPTANCE OF PLEA OF GUILTY—COURT RULES.

Reversible error was committed by trial court in accepting plea of guilty from defendant, charged with unlawfully driving away an automobile, without having actually or substantially complied with court rule requiring trial court to ascertain that such plea had been made freely, understandingly, voluntarily, without undue influence, compulsion, or duress, and without promise of leniency (CL 1948, § 750.413; GCR 1963, 785.3 [2]).

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 486.

Appeal from Kent; Vander Ploeg (Claude), J. Submitted Division 3 October 7, 1966, at Grand Rapids. (Docket No. 1,943.) Decided November 9, 1966.

Woodrow Charles Smith was convicted of unlawfully driving away an automobile. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Norman K. Kravitz,* Assistant Prosecuting Attorney, for plaintiff.

*William J. Heyns,* for defendant.

T. G. KAVANAGH, J. The appellant was arrested on the charge of unlawfully driving away an automobile* and was brought before the judge of police court where he waived examination. Arraignment proceedings were held in circuit court where the defendant's plea of guilty was accepted. Defendant was sentenced to 3 to 5 years. A subsequent motion to set aside the plea was denied and defendant brings this appeal.

Appellant's first assertion of error is that the trial court failed to comply with GCR 1963, 785.3(2) before imposing sentence and therefore improperly accepted appellant's plea of guilty.

The germane portion of the arraignment proceeding is. as follows:

"*The Court:* Woodrow Charles Smith, do you understand the charge against you?
"*Defendant:* Yes, sir.
"*The Court:* Where do you live, Mr. Smith?
"*Defendant:* 411 First street, Manistee, Mich.

---

* CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645).

"*The Court:* 411 First street, Manistee?

"*Defendant:* Yes.

"*The Court:* How old are you?

"*Defendant:* Twenty-two.

"*The Court:* Married?

"*Defendant:* Single.

"*The Court:* This is a serious charge placed against you. If you enter a plea of guilty, or if you are found guilty after trial, there is a possibility I will send you to prison. Do you understand that?

"*Defendant:* Yes, sir.

"*The Court:* I advise you you are entitled to a jury trial to have it determined whether you are guilty or not guilty. Do you understand that?

"*Defendant:* Yes, sir.

"*The Court:* I further advise you that you are entitled to be represented by an attorney, and that is an attorney you employ. If you have no money to employ an attorney, if you so request, I will appoint an attorney to represent you. Do you understand that?

"*Defendant:* Yes, sir.

"*The Court: Do you have an attorney?*

"*Defendant:* No.

"*The Court:* Are you prepared to proceed at this time to enter a plea of guilty or not guilty, or do you feel you should have an attorney represent you?

"*Defendant:* I will make a plea of guilty.

"*The Court:* I see, then you waive your right to have an attorney appointed by the State; is that correct?

"*Defendant:* Yes, sir.

"*The Court:* How do you plead?

"*Defendant:* Guilty."

The foregoing dialogue reflects neither actual nor substantial compliance with GCR 1963, 785.3(2), which reads in part:

"(2) Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court

shall inform the accused of the nature of the accusation and the consequence of his plea, and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

That we find such noncompliance to be reversible error accords with our prior resolutions of this same issue. See *People* v. *Atkins* (1966), 2 Mich App 199 and *People* v. *Curtis Lee Williams* (1966), 2 Mich App 232.

Having determined appellant's plea to have been improperly accepted, we do not consider whether the admission, at the time of sentencing, of the record of a prior conviction was prejudicial.

The decision of the trial court is hereby reversed and the cause remanded for proceedings consistent with this decision.

BURNS, P. J., and FITZGERALD, J., concurred.