PEOPLE *v.* HILKO.

1. CRIMINAL LAW—TAKING OF PLEA—ARRAIGNMENT—APPOINTMENT
   OF COUNSEL.
   Trial court committed reversible error in prosecution of mature
   defendant for breaking and entering in the nighttime, where
   defendant was told he might hire counsel or have one furnished
   to him and, without having an opportunity to request counsel,
   was asked to plead (CL 1948, § 750.110; GCR 1963, 785.3[2]).

2. SAME—COURT RULES—ARRAIGNMENT—OPPORTUNITY TO OBTAIN
   COUNSEL.
   Court rule pertaining to appointment of counsel for indigent
   defendants requires that, after the court has informed the
   defendant of his right to counsel, it should inquire of the
   defendant whether or not he wishes counsel, and if he does,
   give him an opportunity to obtain the advice of counsel (GCR
   1963, 785.3[2]).

Appeal from Berrien; Zick (Karl F.), J. Submitted Division 3 April 6, 1966, at Grand Rapids. (Docket No. 74.) Decided November 22, 1966.

Andrew Hilko was convicted, on plea of guilty, of breaking and entering in the nighttime. Motion to withdraw plea of guilty denied. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 313.
[2] 21 Am Jur 2d, Criminal Law §§ 313, 318, 319.

Prosecuting Attorney, and *Harry J. Creager,* Assistant Prosecuting Attorney, for the people.

*James L. Colman,* for defendant.

FITZGERALD, J. Plaintiff and defendant agree upon the facts leading to this appeal, but disagree about the legal effect of the procedures had at arraignment.

Defendant Hilko was arrested upon a warrant from the municipal court for the city of St. Joseph, charging him with breaking and entering in the nighttime.* A demand for preliminary examination was withdrawn and he was bound over to the Berrien county circuit court. Upon a plea of guilty there, he was sentenced to a term of 3 to 15 years in prison. A motion to withdraw the plea of guilty was denied and this appeal followed.

At no time in these proceedings was defendant represented by a lawyer.

On appeal, a number of irregularities stemming from alleged noncompliance with GCR 1963, 785.3 are enumerated by defendant. Among these are that he was not properly or adequately advised by the court of the formal charge against him and that he plead guilty to a charge of breaking and entering as a result of threat and inducement.

Of a more fundamental concern and a concern which has been accentuated by recent decisions of this Court is defendant's contention that he was not adequately apprised of his right to be represented by counsel and that he did not waive that right.

No citations are necessary relating to the right of counsel nor to the court rule directing that a defendant be advised thereof. A brief excerpt from the transcript furnishes us with the matter to be examined here:

---

* CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).

*"The Court:* Further, in connection with this charge, I must advise you that you are entitled to a jury trial if you want one and entitled to be represented by a lawyer, preferably one of your own choosing if you can retain one. On the other hand, if you wish a lawyer and cannot retain one, the Court will appoint a lawyer for you upon a proper showing of your inability to hire one. Do you understand those rights?

*"Defendant:* Yes, sir.

*"The Court:* Right to a lawyer and right to a jury trial.

*"Defendant:* I will waive a jury trial."

It is the defendant's position that he did not waive his right to be represented and in addition that he was never asked by the court if he wished to have a lawyer.

This colloquy falls clearly within *People* v. *Atkins* (1966), 2 Mich App 199, where it was stated (pp 202, 203):

"This Court holds that the trial court should have inquired of the defendant whether or not he wished counsel, and, if so, have given him an opportunity to obtain the advice of such counsel."

There is only one fundamental difference between *Atkins* and the instant case: Atkins was 16 years of age; Hilko, 33. While the tender years of defendant Atkins may have called for a greater degree of care or inquiry on the question of his understanding of his rights, these factors are not applicable when we consider the particular point of the instant case.

The opportunity to request counsel is not a matter of age, education, or understanding—it is a simple matter of being given the *opportunity* to request counsel, if counsel is desired. *People* v. *Curtis Lee Williams* (1966), 2 Mich App 232,

The bold, brash, or hardened defendant might interrupt the court on arraignment to indicate that he was fully aware of his right to appointed counsel and did or did not intend to exercise it. The more usual arraignment involving an unrepresented defendant, however, finds the defendant making monosyllabic answers to direct questions and interjecting no suggestions, ideas or questions of his own.

"Accordingly, we hold that there was not substantial compliance with GCR 1963, 785.3(1) which deals with appointment of counsel, *"if accused so requests"*. The request means an *opportunity* to request which this record discloses was not afforded defendant Hilko. Accord, *People* v. *Winegar* (1966), 4 Mich App 547.

Reversed and remanded for further proceedings.

Burns, P. J., concurred.

The late Judge Watts who was a member of the panel of judges to whom this case was submitted for determination took no part in this decision.