PEOPLE *v.* CHARLES A. WHITE.

1. COURTS—PRECEDENTS—DICTUM.

Dictum of an earlier case is rejected as an authority controlling issue involved in case under consideration involving a substantially different factual situation.

2. CRIMINAL LAW—CONSEQUENCE OF PLEA OF GUILTY—COURT RULES.

Requirement of court rule that defendant be advised of the consequence of his plea of guilty before the plea is accepted by the trial court *held*, not to require that judge advise defendant of possible minimum and maximum sentence which may be imposed on him (Court Rule No 35A, § 2[1945]; GCR 1963, 785.3[2]).

3. SAME—ACCEPTANCE OF PLEA OF GUILTY—ADVICE AS TO PUNISHMENT.

The phrase "consequence of his plea" of guilty, as used in court rule relative to acceptance of such plea by the trial court, bears no relation to advice by the trial judge to defendant with respect to punishment (Court Rule No 35A, § 2[1945]; GCR 1963, 785.3[2]).

4. SAME—CONSTITUTIONAL LAW—TRIAL—PLEA OF GUILTY.

Any person charged with crime has a constitutional right to trial, and a right to plead guilty (US Const, Am 6; Mich Const 1908, art 2, § 19; Mich Const 1963, art 1, § 20; CL 1948, § 763.2).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 190.

[2, 3, 5–7] 21 Am Jur 2d, Criminal Law §§ 487, 489.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[4] 21 Am Jur 2d, Criminal Law § 484.

5. WORDS AND PHRASES—CONSEQUENCE.

*Consequence* as the term is used in court rule relative to ac-
ceptance of plea of guilty after one accused of crime has
been informed of the consequence of his plea, means the nat-
ural or necessary result (Court Rule No 35A, § 2[1945]; GCR
1963, 785.3[2]).

6. CRIMINAL LAW—COURT RULES—CONSEQUENCE OF PLEA OF GUILTY.

"Consequence of his plea" of guilty to charge of crime, as phrase
is used in court rule, relative to acceptance of such plea by
the trial court after accused is informed of the consequence
of his plea *held,* to be waiver of the accused's constitutional
right to trial and all its incidents, since an accused also has a
right to plead guilty (US Const, Am 6; Mich Const 1908,
art 2, § 19; Mich Const 1963, art 1, § 20; CL 1948, § 763.2;
Court Rule No 35A, § 2[1945]; GCR 1963, 785.3[2]).

7. SAME—COURT RULES—CONSEQUENCE OF PLEA OF GUILTY.

Claim of defendant who pled guilty to charge of escape from
prison, that his conviction is defective because trial court
failed to advise him of the possible punishment that would
follow his conviction on a plea of guilty, *held,* without merit,
where defendant is an adult with two prior convictions and
prison sentences resulting from guilty pleas and where there
is no claim and no showing that defendant was prejudiced
by not having the advice, and defendant does not contend
he would not have pleaded guilty had such advice been given
(Court Rule No 35A, § 2[1945]; GCR 1963, 785.3[2]).

Appeal from Jackson; Dalton (John C.), J.   Sub-
mitted Division 2 June 8, 1967, at Lansing.   (Docket
No. 2,944.)   Decided November 24, 1967.

Charles A. White was convicted on his plea of
guilty of escape from prison, charged as a third
felony.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *Vincent F. Stapley,*
Assistant Prosecuting Attorney, for the people.

*James S. Treciak,* for defendant.

J. H. Gillis, J. On leave granted January 14, 1967, defendant Charles A. White appeals his conviction and sentence for escape from prison, charged as a third felony.[1] He was convicted September 7, 1960, on his plea of guilty to having escaped August 21, 1960, from the State prison of Southern Michigan.

The sole issue raised on appeal is whether the trial judge complied with Court Rule No 35A, § 2(1945),[2] now GCR 1963, 785.3(2)[3] in relation to "consequence of his plea" by failing to advise defendant of the possible minimum and maximum sentence.

The record fails to disclose that the trial judge advised defendant in any manner of the possibility of being sentenced to prison, and relying on *People v. Atkins* (1966), 2 Mich App 199, defendant contends his conviction should be reversed.

Since *Atkins, supra,* this Court has been inundated with appeals involving the relation of advice to a defendant by a trial judge with respect to possible punishment to the phrase "consequence of his plea" found in Court Rule No 35A, § 2(1945) and in GCR 1963, 785.3(2).[4] Since *Atkins, supra,*

---

[1] CLS 1961, § 750.193 (Stat Ann 1962 Rev § 28.390); § 769.11 (Stat Ann 1954 Rev § 28.1083).

[2] See 318 Mich xxxix.

[3] "If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

[4] *People v. Curtis Lee Williams* (1966), 2 Mich App 232; *People v. Leach* (1966), 2 Mich App 713; *People v. Wilkins* (1966), 3 Mich App 56; *People v. Winegar* (1966), 4 Mich App 547; *People v. Cairns* (1966), 4 Mich App 633; *People v. Smith* (1966), 5 Mich App 139; see dissent in *People v. Catterson* (1966), 5 Mich App 488.

defendants, the profession and this Court have
accepted that decision as standing for the proposi-
tion that such advice bears some relation to "conse-
quence of his plea." In its last pronouncement on
this question, this Court said in *People* v. *Menton*
(1967), 7 Mich App 267, that advice as to the pos-
sibility of prison sentence was sufficient, but we
still related such advice to "consequence of his
plea."

A close reading of *Atkins, supra,* discloses that
the language relied on to support the proposition
that "consequence of his plea" relates to advice
with respect to punishment is dictum. The con-
trolling questions in *Atkins, supra,* were whether a
youthful defendant understandingly waived his
right to counsel and understandingly pleaded guilty.
The language in the last paragraph of that opinion
which indicates that "consequence of his plea" re-
lates to advice with respect to possible minimum
and maximum sentence has nothing to do with the
decision on the controlling issues, and we reject it
as authority controlling the issue now before us.

The facts of this case present a shining example
of the fallacy of the contention here raised, namely:
this plea should be set aside and the conviction
reversed solely on the basis that this defendant was
not advised of the possible punishment that might
flow from his conviction by plea of guilty. Defend-
ant here is an adult with 2 prior convictions and
prison sentences resulting from guilty pleas. There
is no claim and no showing that defendant was
prejudiced in any way by not having such advice,
nor does defendant contend he would not have
pleaded guilty had such advice been given. He
merely says that under *Atkins, supra,* the rule re-
quires that such advice be given; it was not given;
*ipso facto* the conviction is defective. We reject
the argument.

By logic and by the language of Court Rule No 35A (1945) and GCR 1963, 785.3, the phrase "consequence of his plea" bears no relation to advice by the trial judge to a defendant with respect to 'punishment. Any person charged with a crime has a constitutional right to trial, US Const, Am 6; Mich Const 1908, art 2, § 19; Mich Const 1963, art 1, § 20; he also has a right to plead guilty. *Attorney General* v. *Montgomery* (1936), 275 Mich 504, 529; CL 1948, § 763.2 (Stat Ann 1954 Rev § 28.855). Consequence is a natural or necessary result, Webster's Third New International Dictionary (1964), p 482. The natural or necessary result of the exercise of the right to plead guilty is to waive the constitutional right to trial and all the incidents thereof. Such is the sense and true meaning of Court Rule No 35A (1945) and GCR 1963, 785.3. The first subsection of each mandates that before an accused is required to plead, the trial judge shall advise as to the rights therein specified. The second subsection of each requires, *inter alia,* that the judge, on plea of guilty, inform accused of the consequence of his plea. The natural and necessary result of the plea is to waive the rights specified in subsection 1 of each rule.

Affirmed.

LESINSKI, C. J., and QUINN, J., concurred.