## PEOPLE v. STRATTON.

1. CRIMINAL LAW—COURT RULES—PLEA OF GUILTY—CONSEQUENCE OF PLEA.

   Claim of defendant who pled guilty to charge of forgery and uttering and publishing a forged instrument, that failure of trial court to advise him of the statutory sentence possible upon conviction for the offense charged was reversible error *held*, without merit, where defendant was informed of his right to counsel, right to trial by jury or by court and where the trial court by conscious and diligent effort complied with requisites of court rule (Court Rule No 35A, § 2[1945]).

2. SAME—COURT RULES—CONSEQUENCES OF PLEA—SENTENCE.

   The failure of a trial court to advise a defendant as to the possible length of a sentence when he pleads guilty to offense charged is not a failure to advise him of the consequence of his plea as required by court rule (Court Rule No 35A, § 2[1945]).

3. INDICTMENT AND INFORMATION—SEPARATE OFFENSES CHARGED IN SAME INFORMATION.

   Separate and distinct offenses springing out of substantially the same transaction may be charged as separate counts in one information.

Appeal from Washtenaw; Breakey (James R., Jr.), J. Submitted Division 2 May 4, 1967, at Lansing. (Docket No. 2,790.) Decided November 30, 1967.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 484–488.
[2] 21 Am Jur 2d, Criminal Law § 487.
[3] 27 Am Jur, Indictments and Informations §§ 129, 130,

Kenneth Stratton was convicted of forgery and uttering and publishing a forged instrument. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Robert B. Creal,* Assistant Prosecuting Attorney, for the people.

*Lester J. Drake,* for defendant.

LESINSKI, C. J. Pursuant to an application for a delayed appeal granted by this Court, defendant appeals from his 1960 conviction for the crimes of forgery[1] and uttering and publishing a forged instrument (check).[2]

On appeal, defendant contends that the failure of the trial court to advise him of the statutory sentence possible upon conviction for the offense charged was reversible error. It is defendant's claim that such failure was violative of the mandatory provisions of Court Rule n. 35A, § 2 (1945).[3] See currently GCR 1963, 785.3(2).

The defendant pled guilty to the offenses charged and the plea was accepted by the trial court. A reading of the transcript reveals that the trial court duly informed the defendant of his right to counsel, of his right to a trial by jury or by the court, and by conscious and diligent effort complied with these requisites of the court rule.

The question of whether failure to advise as to possible length of sentence is failure to advise as to "the consequence of his plea" within the meaning

---

[1] CL 1948, § 750.248 (Stat Ann 1962 Rev § 28.445). See currently PA 1964, No 101, amending CL 1948, § 750.248 (Stat Ann 1965 Cum Supp § 28.445).

[2] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).

[3] See 318 Mich xxxix.

of the court rule has been fully treated in *People* v. *White* (1967), 8 Mich App 220, wherein this question was answered in the negative. The rule, as expressed in *White,* is controlling here as to this issue.

Defendant's remaining contention on appeal is an allegation of error by the prosecution in charging two separate and distinct crimes in one information, accompanied by an alleged error by the court in accepting pleas of guilty to both counts. This dual assignment of error is without merit in the instant case. The authorities cited by defendant to support this issue, *i.e., In re Doelle* (1948), 323 Mich 241, and *People* v. *McMillan* (1884), 52 Mich 627, are of no precedential value to him, as they are not on point.[4]

Affirmed.

QUINN and GILMORE, JJ., concurred.

---

[4] See *People* v. *Johns* (1953), 336 Mich 617, and *People* v. *Kruper* (1954), 340 Mich 114.