PEOPLE v. JARBOE.

1. DISTRICT AND PROSECUTING ATTORNEYS—ASSISTANT PROSECUTING ATTORNEYS—DUTIES.

Assistant prosecuting attorney is allowed by statute to perform such duties pertaining to the office of the prosecuting attorney as he may be required to perform by the prosecuting attorney (CL 1948, § 49.42).

2. CRIMINAL LAW—WARRANT—AUTHORIZATION—ASSISTANT PROSECUTING ATTORNEYS.

Authorization for the issuance of a warrant, required to be made by statute, held, valid when signed by an assistant prosecuting attorney (CLS 1961, § 774.4).

3. SAME—GUILTY PLEA—CONSEQUENCES.

The trial court need not inform the accused of the maximum sentence possible as a prerequisite of accepting his plea of guilty (GCR 1963, 785.3).

4. SAME—GUILTY PLEA—ACCEPTANCE—EXAMINATION.

The form, manner, and wording of the examination required before the trial court accepts a plea of guilty is not rigidly prescribed but rather left to the sound discretion of the trial judge, depending upon what is best suited to the parties and the offense (GCR 1963, 785.3[2]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur, Prosecuting Attorneys §§ 19, 20.
[2] 5 Am Jur 2d, Arrest §§ 10, 12, 13, 15.
[3] 21 Am Jur 2d, Criminal Law § 487.
[4] 21 Am Jur 2d, Criminal Law §§ 486, 492.
[5] 21 Am Jur 2d, Criminal Law §§ 452, 454, 486, 487, 490.

5. Same—Guilty Plea—Uttering and Publishing a Forged In-
    strument—Proceedings.

> Proceedings upon a charge of uttering and publishing a forged
> instrument, in which the record shows that the defendant was
> informed of his right to counsel and of his right to a jury trial,
> that he was told he was charged with a felony, that he pleaded
> guilty after 3 or 4 conferences with his appointed counsel at the
> county jail, and that he was informed by the trial judge, before
> the passing of sentence, that in view of his prior criminal record
> he would not be placed on probation *held,* to comply substan-
> tially with the requirements of the court rule governing crim-
> inal procedure on arraignment and sentencing (CL 1948, § 750-
> .249; GCR 1963, 785.3).

Appeal from Jackson; Dalton (John C.), J. Sub-
mitted December 8, 1966, at Lansing. (Docket No.
2,412.)  Decided March 29, 1968.

Leo Jarboe was convicted of uttering and pub-
lishing a forged instrument. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Der-
engoski,* Solicitor General, *James G. Fleming,* Pros-
ecuting Attorney, and *Michael J. McGann,* Assistant
Prosecuting Attorney, for the people.

*Jerome A. Susskind,* for defendant.

McGregor, J.  A warrant authorized by an assist-
ant prosecuting attorney of the county was issued
by a justice of the peace upon a complaint charging
the appellant and another person with the crime
of forgery[1] and uttering and publishing a forged
instrument.[2]

On February 4, 1964, the appellant was arraigned
in circuit court, advised of his rights, waived the
reading of the information, stood mute, a plea of not

---

[1] CL 1948, § 750.248 (Stat Ann 1962 Rev § 28.445).
[2] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).

guilty was entered, and at that time the court appointed counsel for the appellant. After three or four conferences between the appointed counsel and the appellant at the county jail, on February 21, 1964, the appellant with his counsel appeared before the circuit court. Appellant's counsel informed the court that his client wished to plead guilty to the charge of uttering and publishing a forged instrument, and the plea was accepted by the court. The charge of forgery was dropped. At the time of sentencing, the appellant's counsel was not in court because of the hospitalization of his wife; however, the appellant elected to proceed without counsel after being advised by the court that he could choose to wait until such time as his counsel was available.

Appellant now claims error on two theories. The first theory is that the warrant issued by the justice of the peace was improper, since the local prosecuting attorney did not personally authorize its issuance, in accordance with CLS 1961, § 774.4 (Stat Ann 1963 Cum Supp § 28.1195), and that, therefore, the entire proceedings were void. The second theory is that the appellant was not properly advised of his rights in accordance with GCR 1963, 785.3 at the time his plea was accepted or at the time of sentencing.

The first contention, that the warrant was improper because the authorization was signed by an assistant prosecutor rather than personally by the prosecuting attorney, is without merit. The statute controlling the duties of assistant prosecuting attorneys is CL 1948, § 49.42 (Stat Ann 1961 Rev § 5.802) :

"Any such assistant prosecuting attorney shall hold his office during the pleasure of the prosecuting attorney appointing him, perform any and all duties pertaining to the office of prosecuting attor-

ney at such time or times as he may be required
so to do by the prosecuting attorney and during the
absence or disability from any cause of the prosecut-
ing attorney, but he shall be subject to all the legal
disqualifications and disabilities of the prosecuting
attorney, and shall before entering upon the duties
of his office take and subscribe the oath of office
prescribed by the Constitution of this State and file
the same with the county clerk of his county."

The appellant would have us hold that this statute
allows assistant prosecuting attorneys to perform
the duties of the prosecuting attorney only during
the absence or disability of the prosecutor. The
statute, however, clearly allows an assistant prose-
cuting attorney to perform such duties "as he may be
required to do" pertaining to the office of the prose-
cuting attorney. The fact that assistant prosecuting
attorneys also may perform duties of the prosecutor
in the absence or disability of the prosecutor does
not limit the assistant prosecuting attorney's author-
ity to act when the prosecutor is not absent or under
a disability.

Appellant's second contention involves the inter-
pretation of GCR 1963, 785.3, the applicable provi-
sions of which are as follows:

".3. Arraignment and Sentencing. In every pros-
ecution wherein the accused is charged with a fel-
ony, the trial court shall conform to the following
practice:    *    *    *

"(2) Imposing Sentence. If the accused pleads
guilty, after such plea and before sentence the court
shall inform the accused of the nature of the accusa-
tion and the consequence of his plea; and regardless
of whether he is represented by counsel, the court
shall examine the accused, not necessarily under
oath, and as a condition of accepting the plea of
guilty and imposing sentence shall ascertain that
the plea was freely, understandingly, and volun-

tarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

The appellant would have us hold that the phrase "the court shall inform the accused of * * * the consequence of his plea" requires that an accused be advised of the maximum sentence possible as a prerequisite of accepting a plea of guilty. Such is not the law.

"The sentence to be imposed upon a defendant is in consequence of his conviction, which conviction follows the plea of guilty by a defendant, or upon his being found so by the verdict of the trial jury or the trial court. When the accused is found guilty, punishment imposed is a 'sentence,' the court's final adjudication being a 'judgment.' If the trial court refuses to accept the defendant's proffered plea of guilty, the defendant does not stand as yet convicted. Conviction is a separate step in the proceedings which takes place prior to the pronouncement of judgment. *People* v. *Fidelity & Deposit Co. of Maryland* (1930), 107 Cal App 160 (290 P 59)." *People* v. *Nitti* (1968), 10 Mich App 454. Also, see *People* v. *Charles A. White* (1967), 8 Mich App 220.

The form, manner and wording of the required examination is not rigidly prescribed but rather is left to the sound discretion of the trial judge. The judge must satisfy himself that the plea is freely made, without undue influence or promise of lenience, and that the accused knows the consequences thereof. The form of the examination may vary, depending upon what is best suited to the parties and the offense. *People* v. *Bumpus* (1959), 355 Mich 374; *People* v. *Fleming* (1966), 4 Mich App 644; *People* v. *Kearns* (1965), 2 Mich App 60.

The record in this case shows that the appellant was informed of his rights to counsel, his right to a

jury trial, and that he was charged with a felony. In addition, the trial judge informed the appellant, before passing sentence, that in view of the appellant's prior criminal record, he would not be placed on probation. It is the opinion of this Court that there was substantial compliance with GCR 1963, 785.3 in that the defendant was advised of the consequence of his plea and that the requirements of the court rules were fulfilled. Accordingly, we find no reversible error on the appellant's second theory.

The conviction is affirmed.

T. G. KAVANAGH, P. J., and J. H. GILLIS, J., concurred.