# APRIL SESSION, 1968.*

---

PEOPLE *v.* WYNGAARD.

OPINION OF THE COURT.

1. CRIMINAL LAW—CONSEQUENCE OF PLEA OF GUILTY—COURT RULES.
Conviction of defendant upon his plea of guilty to assault with intent to rob while armed when defendant was not advised of the possible penalty if his plea were accepted *held*, proper, because the requirement of court rule that defendant be advised of consequence of his plea of guilty before the plea is accepted by the trial court does not require that the judge advise defendant of possible minimum and maximum sentence which may be imposed on him (CL 1948, § 750.89; GCR 1963, 785.3[2]).

SEPARATE OPINION.

T. G. KAVANAGH, J.

2. CRIMINAL LAW—PLEA OF GUILTY.
*Conviction of defendant upon acceptance of his plea of guilty where defendant was not advised of possible minimum and maximum sentence he might receive but where he had been previously convicted of at least 6 felonies was proper, where there was no showing that the plea was not freely, understandingly, and voluntarily made (GCR 1963, 785.3[2]).*

Appeal from Recorder's Court of Detroit; Scallen (John P.), J. Submitted Division 1 May 3, 1967,

---

\* Continued from Volume 10 Mich App.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 487 *et seq.*
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

(1)

at Detroit.   (Docket No. 2,772.)   Decided April 3, 1968.

Raymond Wyngaard was convicted, upon a plea of guilty, of assault with intent to rob while armed. Defendant appeals.   Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Samuel H. Olsen*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*Manning Hathaway*, for defendant on appeal.

J. H. GILLIS, P. J.   On January 25, 1965, defendant Raymond Wyngaard, while represented by counsel, pled guilty in Detroit recorder's court to assault with intent to rob while armed.[*]

The record indicates that the defendant was 28 years old on the date he entered the plea above referred to and that up to this point in his life he had been convicted on prior occasions of having committed at least 6 felonies.   On February 8, 1965, the defendant was sentenced to serve not less than 25 nor more than 40 years in the State prison of Southern Michigan.

On appeal defendant asserts a single ground for reversal, to-wit: the trial court failed to comply with GCR 1963, 785.3(2) in relation to "consequence of plea" by failing to advise defendant of the possible minimum and maximum sentence.

The defendant has correctly stated that the trial court failed to advise him of the possible penalty he faced in the event the court accepted the plea, but for the reasons set forth in our decision in *People*

---

[*] CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284).

v. *Charles A. White* (1967), 8 Mich App 220, this is no basis for the relief sought.

Affirmed.

Weipert, J., concurred with J. H. Gillis, P. J.

T. G. Kavanagh (*concurring*). I agree that the conviction of defendant here should be affirmed, not for the reasons set forth in *People* v. *Charles A. White* (1967), 8 Mich App 220, which I regard as an exercise in impeccable logic but questionable law, but rather for the reason that in this case there is no showing that the plea was not freely, understandingly, and voluntarily made. See *People* v. *Taylor* (1967), 9 Mich App 333.