PEOPLE *v.* FLEMING.

1. CRIMINAL LAW—GUILTY PLEA—VOLUNTARINESS—ACCEPTANCE.
   A judge in a criminal case in this State must be satisfied that the plea of guilty was voluntarily made and that the defendant was pleading guilty because he was in fact guilty before he can accept such plea (CL 1948, § 768.35; GCR 1963, 785.3[2]).

2. SAME—ACCEPTANCE OF GUILTY PLEA—EXAMINATION OF DEFENDANT—MANSLAUGHTER.
   Acceptance by trial court of a plea of guilty to the crime of manslaughter where court examined defendant, questioned

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 484–489.
   Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

him regarding his desire to withdraw his original plea and plead guilty, his knowledge of the penalties, whether he had discussed it with his counsel, the facts of the case, and whether defendant was, in fact, guilty of the crime, *held*, proper, and made after sufficient compliance with the court rule, even though defendant claims innocence, that he attempted to withdraw his plea of guilty the day after it was given, and that his advanced age and limited education rendered him ignorant of the consequences of his plea (CL 1948, §§ 750.321, 768.35; GCR 1963, 785.3[2]).

3. SAME—EXAMINATION—PLEA OF GUILTY—DISCRETION OF COURT.
   The form and manner of the examination by the trial court of one accused of crime before accepting his plea of guilty, as required by statute, court rule, and court decision is left to the discretion of the judge, to be exercised by him in the manner best suited to the parties and offense (CL 1948, § 768-.35; GCR 1963, 785.3[2]).

Appeal from Recorder's Court; Gillis (Joseph A.), J. Submitted Division 1 May 10, 1966, at Detroit. (Docket No. 116.)   Decided October 25, 1966.

Felix Fleming was convicted of manslaughter. Defendant appeals.   Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Samuel H. Olsen*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Richard J. Padzieski*, Assistant Prosecuting Attorney, for plaintiff.

*Ben F. Rosenthal*, for defendant.

McGREGOR, J.   A criminal information was filed charging Felix Fleming, the appellant, with the crime of murder in the second degree.[1]   When this case came to trial and while represented by counsel, appellant executed a written waiver of jury trial. Counsel for appellant then expressed a desire to

[1] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

withdraw the initial "not guilty" plea and enter a plea of guilty to the included offense of manslaughter.[2]

The trial court examined the appellant, questioning him regarding his desire to withdraw his original plea and plead guilty to manslaughter, his knowledge of the penalties involved, whether appellant had discussed this with counsel, the facts of this case, and whether the plea was being made because the defendant was, in fact, guilty of the crime. The court, after this examination, accepted appellant's plea and made referral to the probation department for a report prior to sentencing. After a review of the probation department report, a sentence of 3-1/2 to 15 years was imposed.

The decision of the trial court is appealed for the following reasons:

1. Defendant is innocent of the offense.

2. Defendant pleaded guilty on the advice of his counsel.

3. Defendant sent a letter to the trial judge the day after claiming the murder was committed in self-defense and seeking to withdraw his plea of guilty. This letter was not received.

The issue before this Court is: Did the trial judge sufficiently inquire into the nature of appellant's plea of guilty to warrant the acceptance of this plea and a subsequent denial of an attempt to withdraw the plea?

It has been the law in the State of Michigan that before a judge could accept a guilty plea he must be satisfied that the plea was voluntarily made and that the defendant was pleading guilty because he was in fact guilty. CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058); GCR 1963, 785.3(2), and its prede-

---

[2] CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).

cessor, Court Rule No 35A (1945), embody the statutory mandate.

GCR 1963, 785.3(2) states:

"If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."[3]

The proceedings in the lower court in taking the plea were, in part, as follows:

"*The Court:* This is File No. A–118858, Felix Fleming, charge is murder, second degree. His attorney is Donnell P. O'Callaghan.

"*Mr. Eggleton:* People are ready, Your Honor, to proceed in this matter.

"*The Court:* Is your name Felix Fleming?

"*Defendant:* Yes.

"*The Court:* I can't hear you?

"*Defendant:* Yes, sir.

"*The Court:* And Mr. O'Callaghan is your attorney?

"*Defendant:* Yes, sir.

"*The Court:* And he explained to you you could have a trial by jury or be tried by the court without a jury?

"*Defendant:* Yes, sir.

"*The Court:* And you decided to be tried by the court without a jury and signed a written waiver to that effect?

"*Defendant:* Yes, sir.

---

[3] GCR 1963, 785.3, as amended, outlines the procedure which must be followed in arraignment and sentencing. The amended sub-rule is effective January 1, 1967.

*"The Court:* Very well, written waiver having been signed and filed, the defendant may be granted a trial without a jury. * * *

*"The Court:* Is your name Felix Fleming?

*"Defendant:* Yes, sir.

*"The Court:* Your attorney informs me at this time that you wish to withdraw your former plea of not guilty and enter a plea of guilty to the charge of murder, second degree—you wish to withdraw your plea of not guilty to the charge of murder, second degree, and enter a plea of guilty to the included offense of manslaughter; is that right?

*"Defendant:* Yes, sir.

*"The Court:* Now, your attorney explained to you the penalty for second degree murder, did he— that is, any number of years up to and including life?

*"Defendant:* Yes, sir.

*"The Court:* And manslaughter carries a possible maximum of 15 years?

*"Defendant:* Yes, sir.

*"The Court:* Your attorney discussed that with you?

*"Defendant:* Yes, sir.

*"The Court:* Now, the charge is that on the 5th day of January, 1964, you unlawfully killed one William E. Lewis with a knife—

*"Defendant:* [interposing] Yes, sir.

*"The Court:* —and the law says not being excusable, without justification—unlawfully—you had no right to kill him. Do you understand that?

*"Defendant:* Yes, sir.

*"The Court:* And you plead guilty to that charge?

*"Defendant:* Yes, sir.

*"The Court:* And I understand that you worked for the brick—what was it—Arrow Wrecking Company?

*"Defendant:* Yes, sir.

*"The Court:* And that he was taking brick from there as I understand it?

"*Mr. O'Callaghan:* No, vice versa.

"*Defendant:* Not from the company, no.

"*Mr. O'Callaghan:* Mr. Fleming was taking brick from the company.

"*Defendant:* I was taking brick from where they was tearing houses down.

"*The Court:* And you got into a dispute over that?

"*Defendant:* Yes, sir.

"*The Court:* Anyway, you cut him with a knife and you know that he died from the wounds?

"*Defendant:* Yes, sir.

"*The Court:* Has anyone told you you had to plead guilty?

"*Defendant:* No, sir.

"*The Court:* Has anyone promised you you would get off easy if you pleaded guilty?

"*Defendant:* No, sir.

"*The Court:* Now, Mr. O'Callaghan was appointed by the judge to defend you?

"*Defendant:* Yes, sir.

"*The Court:* And no one has promised or said you would get leniency if you pleaded guilty?

"*Defendant:* No, sir.

"*The Court:* You understand that, even now, I have no idea what your sentence will be myself until I get a report on you 2 weeks from now?

"*Defendant:* Yes, sir.

"*The Court:* And if I accept your plea you cannot later change it or withdraw it?

"*Defendant:* I understand.

"*The Court:* And you plead guilty because you are *guilty?*

"*Defendant:* Yes, sir.

"*The Court:* Very well, I will accept your plea of guilty to the charge of—the included offense of manslaughter and refer you to the probation department and psychopathic clinic for sentence on June 19th.

"Remand him to June 19th."

The Court finds that the acceptance of the plea was made after sufficient compliance with the court rule.

Appellant maintains that he was not aware of the meaning of the word manslaughter, nor was he aware or informed of the elements of the following 3 types of homicide: murder, manslaughter, and killing in self-defense, by the trial court or his assigned counsel. Thus, when he returned to the county jail and came to the realization that he should not have pleaded guilty, he wrote a letter to the trial judge asking that his plea of guilty be withdrawn. This letter was not received.

It has been brought to the attention of the court that the age of appellant, 62 years, and his limited education, 1st grade, make the defendant more susceptible to his surroundings, *i.e.,* his confinement in jail, advice from his assigned counsel, the possibility of serving sentence for second degree murder, and therefore, more amenable to following blindly decisions made for him by another.

However, it is clear from the transcript that not only was appellant represented by counsel but the plea was accepted after an examination was made of the defendant by the trial judge. While the facts surrounding the homicide could have been delved into more thoroughly, it appears the appellant was questioned to an extent sufficient to sustain the trial judge's acceptance of the plea of guilty.

As stated in *People* v. *Reed* (1965), 1 Mich App 60, 62, "The court must examine the accused." *People* v. *Bumpus* (1959), 355 Mich 374, 380, leaves the form and manner of this examination to the discretion of the judge, to be exercised by him in the manner best suited to the parties and the offense.

There was no abuse of the trial court's discretion in refusing to withdraw appellant's plea of guilty under the foregoing facts.

Affirmed.

Holbrook, P. J. and Quinn, J. concurred.