PEOPLE v. HOY

1. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY—DISCRETION OF COURT.

Withdrawal of a plea of guilty rests in the discretion of the court after imposition of sentence for crime.

2. SAME—WITHDRAWAL OF PLEA OF GUILTY—DISCRETION OF COURT—APPEAL.

Trial court's denial of motion to withdraw plea of guilty after imposition of sentence for crime will not be disturbed on appeal unless clear abuse of discretion is shown.

3. DISORDERLY CONDUCT—DRUNK IN A PUBLIC PLACE.

Being drunk in a public place is 1 of several offenses in the classification of disorderly persons (CLS 1961, § 750.167).

4. SAME—DRUNK IN A PUBLIC PLACE—VOLUNTARINESS.

The statute defining "a disorderly person" makes the mere performance of the act of being drunk in a public place an

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 504.
[3] 12 Am Jur 2d, Breach of the Peace and Disorderly Conduct §§ 8, 35.
[4] 12 Am Jur 2d, Breach of the Peace and Disorderly Conduct §§ 5, 29, 31.
[5] 21 Am Jur 2d, Criminal Law §§ 90, 91.
[6] 12 Am Jur 2d, Breach of the Peace and Disorderly Conduct § 31.
[7] 21 Am Jur 2d, Criminal Law §§ 611, 612.
[8] 21 Am Jur 2d, Criminal Law § 233.
[9] 4 Am Jur 2d, Appeal and Error § 159.
  21 Am Jur 2d, Criminal Law § 233.

offense; hence the issue of voluntariness is not presented (CLS 1961, § 750.167).

5. STATUTES—PENAL STATUTES—INTENT.
   Statutes in the nature of police regulations imposing criminal penalties irrespective of any intent to violate them evince a purpose of requiring a degree of diligence for the protection of the public so to render violation impossible.

6. DISORDERLY CONDUCT—MENS REA—CHRONIC ALCOHOLISM—DEFENSE.
   Holding of trial court in a conviction for being drunk and disorderly that the question of voluntariness or involuntariness (*mens rea*) was immaterial to the charge, and that chronic alcoholism should not be recognized as a defense to the charge *held*, not an abuse of discretion.

7. SAME—PRISON SENTENCE—CHRONIC ALCOHOLISM—CRUEL AND UNUSUAL PUNISHMENT.
   Sentencing a chronic alcoholic to prison as a third offender to a charge of being drunk in a public place *held*, not to be cruel and unusual punishment, even though prison may not be the most appropriate place for chronic alcoholics, since it does afford protection to the defendant and the general public (Const 1963, art 1, § 16; CLS 1961, § 750.167).

8. CRIMINAL LAW—HEARING ON MOTION TO VACATE SENTENCE.
   The court rule relative to appellate court review of a criminal prosecution does not require that an indigent be furnished a transcript of the hearing on a motion to vacate sentence (GCR 1963, 785.4).

9. SAME—TRANSCRIPTS—WITHDRAWAL OF PLEA OF GUILTY.
   Substantial compliance with court rules pertaining to appeals in criminal prosecution *held*, to have been made, where record includes transcripts made at arraignment and sentence and defendant's testimony at hearing on his motion to vacate sentence of 1–1/2 to 2 years upon conviction, by plea of guilty, of being drunk in a public place, third offense (CLS 1961, § 750.167; CL 1948, § 750.168; GCR 1963, 785.3, 785.4).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 October 6, 1965, at Lansing. (Docket No. 626.) Decided July 12, 1966. Leave to appeal granted by Supreme Court December 20, 1966. See 378 Mich 744, 380 Mich ——.

Frederick Hoy was convicted by a plea of guilty of being drunk and disorderly in a public place, third offense. Defendant moved to withdraw the plea after conviction. Motion denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *John Robert Dethmers,* Special Assistant Prosecuting Attorney, for the people.

*W. Charles Kingsley,* for defendant.

QUINN, P. J. By a plea of guilty, defendant was convicted of being drunk in a public place, third offense in violation of CLS 1961, § 750.167 and CL 1948, § 750.168 (Stat Ann 1962 Rev §§ 28.364 and 28.365). Following sentence of 1-1/2 to 2 years in prison, defendant requested and was furnished post-conviction counsel. Thereafter, defendant filed a motion in the trial court to withdraw his plea of guilty, vacate sentence, and grant a new trial. From denial of this motion, defendant appeals and raises 4 issues, as follows:

1. Is the question of voluntariness or involuntariness (*mens rea*) to a charge of drunk and disorderly material?

2. Should the defense of chronic alcoholism be recognized in connection with the charge of drunk and disorderliness?

3. Is it cruel and unusual punishment to sentence to prison a chronic alcoholic on a charge of drunk and disorderliness who by statute[1] has a progressive illness and has lost the power of self-control with respect to the use of such beverage?

---

[1] See CLS 1961, § 436.47a (Stat Ann 1965 Cum Supp § 18.1018[1]).
—REPORTER.

4. Under GCR 1963, 785.4 should the trial court
be required to furnish an indigent a transcript of
the hearing on a motion to vacate sentence, et cetera
for the purpose of appeal?

He concedes he was drunk in a public place for the
third time.

This matter is before us on appeal from the trial
court's denial of defendant's motion to withdraw his
plea of guilty after sentence. Such motions are ad-
dressed to the discretion of the trial court. *People
v. Vasquez* (1942), 303 Mich 340. The action of the
trial court on such a motion will not be disturbed
unless a clear abuse of discretion is shown. *People
v. Barrows* (1959), 358 Mich 267. The only possible
abuse of discretion presented by this record is the
trial court's negative answer to questions 1 and 2
above. Being drunk in a public place is one of sev-
eral offenses in the general classification of disord-
erly persons. CLS 1961, § 750.167 (Stat Ann 1962
Rev § 28.364). The specific language pertinent here
is, "any person who shall be drunk or intoxicated
\* \* \* in any public place; \* \* \* shall be
deemed a disorderly person". The next section of
the statute makes conviction of being a disorderly
person a misdemeanor and provides the punishment
therefor. The statute makes the mere performance
of the act an offense; hence the issue of voluntariness
is not present. The rule stated by the Supreme
Court in *People v. Roby* (1884), 52 Mich 577, 579
(50 Am Rep 270), is applicable here. It is, "many
statutes which are in the nature of police regula-
tions, as this is, impose criminal penalties irrespec-
tive of any intent to violate them; the purpose being
to require a degree of diligence for the protection of
the public which shall render violation impossible."
We do not find any abuse of discretion on the part

of the trial court in answering the first two questions noted above in the negative.

With respect to question 3, while we are aware that some courts have recently held it is cruel and unusual punishment to sentence to prison a chronic alcoholic on a charge of drunk and disorderliness, such decisions are not controlling precedent for this Court and we decline to adopt them as the law of Michigan for 2 reasons. First, this record does not persuade us that defendant is a chronic alcoholic. Second, while we may agree that prison is not the most appropriate place for chronic alcoholics, we are not prepared to say it is cruel and unusual punishment[2] to place them there for their own protection as well as that of the general public.

With respect to question 4, GCR 1963, 785.4[3] does not provide for the transcript here involved.

On its own motion, this Court requested additional information and briefs on the question of compliance with GCR 1963, 785.3. Considering the transcripts made at arraignment and sentence together with defendant's testimony at the hearing on his motion, from the denial of which he now appeals, we find substantial compliance with the rule in question.

Affirmed.

McGregor, J., concurred.

The late Judge Watts who was a member of the panel of judges to whom this case was submitted for determination took no part in this decision.

---

[2] Const 1963, art 1, § 16.—Reporter.
[3] See 373 Mich xv–xviii.—Reporter.