## PEOPLE v. SHILLINGS.

1. CRIMINAL LAW—SENTENCE—UNLAWFULLY DRIVING AWAY AN AUTOMOBILE—INDETERMINATE SENTENCE ACT.
   Defendant's sentence of 2 to 5 years for unlawfully driving away an automobile was in compliance with the indeterminate sentence act (CL 1948, §§ 750.413, 769.8).

2. SAME—SENTENCE—JURISDICTION—DEPARTMENT OF CORRECTIONS.
   Defendant came under the jurisdiction of the bureau of penal institutions of the department of corrections upon being sentenced to prison (CLS 1961, §§ 791.201, 791.261).

3. SAME—RELEASE FROM PRISON PRIOR TO SERVING MAXIMUM SENTENCE—PAROLE BOARD.
   The release of defendant prior to serving the maximum term of his sentence is and was governed by the parole board, bureau of pardons and paroles, department of corrections (CLS 1961, § 791.231 et seq.).

4. SAME—PAROLE—MAXIMUM SENTENCE.
   Unless pardoned, his sentence commuted by the governor, or a new trial granted, the defendant sentenced to prison was required to serve the maximum term unless paroled after a hearing of the parole board and issuance of a parole order (1963 Const, art 5, § 14; CL 1948, § 770.1; CLS 1961, §§ 791.201 et seq., 791.231 et seq., 791.235, 791.236, 791.261 et seq.).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 540, 592.
[2] 41 Am Jur, Prisons and Prisoners § 9 et seq.
[3, 4] 39 Am Jur, Pardon, Reprieve and Amnesty § 81 et seq.
[5] 21 Am Jur 2d, Criminal Law §§ 505, 506.
[6] 21 Am Jur 2d, Criminal Law §§ 486, 491.
[7, 8] 21 Am Jur 2d, Criminal Law § 503.
[9, 10] 21 Am Jur 2d, Criminal Law § 345 et seq.; 58 Am Jur, Witnesses § 8.

5. SAME—ESCAPE—MOTION TO WITHDRAW PLEA OF GUILTY.
   Defendant's motion to withdraw plea of guilty to charge of
   escape after sentence and supporting affidavits, which failed
   to assert any of the permissive ways to shorten the maximum
   term he was serving, *held*, not to raise any possible basis for
   granting relief.

6. SAME—RECORD OF ARRAIGNMENT—PLEA OF GUILTY.
   Record of arraignment wherein defendant pled guilty to charge
   of escape *held*, to disclose that defendant readily admitted that
   he had had no authority to leave the prison, that the trial judge
   was very careful to thoroughly inform the defendant of his
   rights and the nature and the elements of the offense, that
   the trial judge interrogated defendant at length so as to be
   assured that his plea of guilty was freely, voluntarily, and
   understandingly made and that it was not the result of any
   promises made to him and that no threats, force, or duress
   was used in order to induce such a plea, and that the judge
   fully satisfied the requisites of the statute and court rule
   pertinent to acceptance of a plea of guilty (CL 1948, §§ 750-
   .193, 768.35; GCR 1963, 785.3[2]).

7. SAME—WITHDRAWAL OF PLEA OF GUILTY—SENTENCE—DISCRETION
   OF COURT.
   Withdrawal of a plea of guilty rests in the sound discretion of
   the court.

8. APPEAL AND ERROR—MOTION TO WITHDRAW PLEA OF GUILTY—DIS-
   CRETION OF COURT.
   Denial by trial court of defendant's motion to withdraw his
   plea of guilty to charge of escape *held*, not an abuse of dis-
   cretion, where record shows plea was freely, voluntarily, and
   understandingly made, defendant was assisted by counsel and
   the judge fully satisfied the statute and court rule requirements
   concerning acceptance of a guilty plea (CL 1948, §§ 750.193,
   768.35; GCR 1963, 785.3[2]).

9. SAME—CRIMINAL LAW—MOTION TO REQUIRE ATTENDANCE OF WIT-
   NESSES—DISCRETION OF COURT.
   The refusal of trial judge to grant defendant's petition to
   compel attendance of witnesses to appear and testify in sup-
   port of defendant's motion to withdraw his plea of guilty *held*,
   not an abuse of discretion, where the claims of the defendant
   as set forth in his motion and affidavit, even though proven by
   such desired witnesses, would have been insufficient to grant
   any relief.

10. COURTS—USELESS ACT.
    A court is not required to order the performance of a useless act.

Appeal from Ionia; Bebeau (Leo B.), J.   Submitted Division 3 December 7, 1966, at Grand Rapids. (Docket No. 2,035.)   Decided March 28, 1967.

Douglas A. Shillings was convicted, on plea of guilty, of escape.   Defendant's motion to withdraw plea of guilty was denied.   Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter M. Marks,* Prosecuting Attorney, for the people.

*Gemuend & Gemuend* (*Robert G. Gemuend,* of counsel), for defendant.

HOLBROOK, J.   On January 12, 1966, in the circuit court for Ionia county, the defendant pleaded guilty to escape[1] and was sentenced on January 14, 1966, to prison for a term of 2 to 4–1/2 years to run consecutively with any sentence then being served by defendant.

On March 14, 1966, defendant presented a motion for withdrawal of plea of guilty, vacating of sentence and granting new trial which was denied March 23, 1966.   Defendant has taken this appeal from such denial and raises the following two questions for review:   (1) Did the trial court abuse its discretion by denying defendant's motion to withdraw his plea of guilty, vacating sentence, and order for new trial? (2) Did the trial court abuse its discretion in denying defendant's petition to compel witnesses to appear and testify on behalf of the defendant on the motion?

---

[1] CLS 1961, § 750.193 (Stat Ann 1962 Rev § 28.390).

The record discloses the following pertinent facts, viz., on December 6, 1965, defendant was arrested and brought before a justice of peace for the city of Ionia. At that time without benefit of counsel, defendant waived examination and was bound over to circuit court for trial. On December 7, 1965, he appeared in circuit court and requested counsel be appointed for him. Present counsel on this appeal was at that time duly appointed to represent him. On January 7, 1966, defendant moved for a remand to the magistrate for examination, which was granted the same day. On January 12, 1966, defendant with his counsel present again waived examination and was bound over to the circuit court for trial. On the same day he appeared in circuit court for arraignment with his attorney present. The transcript of the proceedings discloses in part the following:

"*Court.* Mr. Shillings, this is the second time the information has been read to you, and before asking you to enter a plea to that information containing this charge of the people of the State of Michigan against you, I advise you that you're entitled to be tried by a jury. You also have an attorney appointed to represent you in these proceedings or any proceedings that you desire hereafter in this court.

"You also stated that you have been counseled by your attorney as to just what this charge is all about, is that correct?

"*Defendant.* Yes, sir.
"*By the Court:*
"*Q.* Do you understand the charge?
"*A.* Yes, sir.
"*Q.* What is it?
"*A.* Escape.
"*Q.* Now, do you know what an escape is?
"*A.* Yes, sir. Leaving the confinement without permission from authority.

"*Q.* Leaving the Michigan Reformatory, State Prison, without discharge from the prison by due process of law, or leaving the Michigan Reformatory without permission from someone in authority to grant you permission. That's an escape.

"*A.* Yes, sir.

"*Q.* You know that you're entitled to a trial by jury in this case?

"*A.* Yes, sir.

"*Q.* Do you want a jury trial?

"*A.* No, sir.

"*Q.* Why not?

"*A.* Because I'm guilty.

"*Q.* And you're guilty of what again?

"*A.* Escape.

"*Q.* And when did this occur?

"*A.* Sixth of November, 1965.

"*Q.* Sixth of November, 1965. And the Ionia Reformatory is located in Ionia County, Michigan?

"*A.* Yes, sir, it is.

"*Q.* And what is your plea to this charge?

"*A.* Guilty.

"*Q.* Did you on or about February 16, 1962, plead guilty in Genesee county court to unlawfully driving away an automobile, and was thereafter sentenced on November 7, 1962, to a term of 2 to 5 years to the Reception Diagnostic Center, at Jackson, Michigan?

"*A.* Yes, sir.

"*Q.* You understand that this is charged as a second felony?

"*A.* Yes, sir, I do.

"*Q.* Now, you have changed your mind in these proceedings. What impelled you to change your mind? You asked for an examination once and now you—when you were sent back to justice court for an examination, you then waived the examination. Why did you change your mind?

"*A.* I thought it was better.

"*Q.* You thought it was better to come back here and plead guilty, you mean?

"*A.* Yes.

"*Q.* Did anyone tell you it would be better?

"*A.* No, sir.

"*Q.* Did anyone make any promises to you to induce you to enter a plea of guilty?

"*A.* No, sir.

"*Q.* Did anyone make any threats to you of any kind to induce you to plead guilty?

"*A.* No, sir.

"*Q.* Do you understand the possible consequences of such a plea of guilty?

"*A.* Yes, sir, I do.

"*Q.* You know that you can be sentenced to an additional term of 4-1/2 years, to be commenced at the time of the termination of any other sentences that you are now serving?

"*A.* Yes, sir, I do.

"*Q.* In view of all that you still want to plead guilty?

"*A.* Yes, sir.

"*Q.* You don't want to be tried by a jury?

"*A.* No, sir.

"*Q.* You don't expect you'll ever want to be tried by a jury on this charge?

"*A.* No, sir.

"*Q.* There's nothing you don't understand about this here charge?

"*A.* No, sir.

"*Q.* Is there anything that you don't understand about these proceedings here today?

"*A.* No, sir.

"*Q.* Do you have any questions that you want to ask your attorney, any further questions, with regard to the questions that I have asked you here today?

"*A.* No, sir.

"*Q.* I regret that I am unable to reject your plea of guilty and have you stand trial before a jury on this charge, but you have the constitutional right

to plead guilty. I don't think I can force you to the exposure of a public trial. I accept the plea as having been freely and voluntarily made at a time when the defendant understands the possible consequences of such a plea.

"Did I ask you if anybody made any kind of mild or strong threats to you to induce you to make this plea of guilty?

"*A.* Yes, sir, you did.

"*Q.* And you answered, no such threats were made?

"*A.* Yes, sir, I did."

In defendant's motion to withdraw his plea of guilty, vacate sentence and for order of a trial he stated that he

"did through mistake and inadvertence, neglect to plead in his own defense that he left the premises of the Michigan Reformatory on or about the 6th day of November, 1965, after having received permission to do so from the custodial officer having him in charge."

In support of said motion defendant signed and filed an affidavit which in substance is as follows:

"Douglas A. Shillings being duly sworn, deposes and says that on or about the 6th day of November, 1965, he was an inmate of the Michigan Reformatory situated in Easton township, Ionia county, Michigan. That he was confined to that part of the Michigan Reformatory commonly referred to as the dormitory. That on the evening of said day he and several of his fellow prisoners did approach Fred Culp, custodial officer having them in charge, and did ask said officer if they could go home, and that said officer answered them in the affirmative, and that the Douglas A. Shillings did then and there leave said dormitory and leave the premises of the Michigan Reformatory.

"That this deponent was thereafter apprehended and thereafter was charged with the crime of escape to which he plead guilty on the 12th day of January, 1966."

After the motion was filed and noticed for hearing on March 23, 1966, defendant contacted his attorney by phone and requested that a petition be presented to the court for an order to compel the presence of defendant's fellow prisoners who were present at the time of the conversation with Fred Culp, custodial officer, to testify on the motion. Such a petition was filed on March 17, 1966, and served on the prosecuting attorney the same day. This motion was denied upon the premise that such witnesses could only verify that which defendant had represented in his motion and affidavit and assuming the same to be true, it was insufficient to grant defendant relief.

On November 7, 1962, in the Genesee county circuit court the defendant was sentenced to prison for a term of 2 to 5 years for the unlawful driving away of an automobile.[2] This sentence was in compliance with the indeterminate sentence act.[3] The defendant upon being sentenced to prison came under the jurisdiction of the department of corrections,[4] specifically the bureau of penal institutions of said department.[5] The release of defendant prior to serving the maximum term of such sentence is and was governed by the bureau of pardons and paroles, specifically the parole board, also a part of said department.[6] Unless pardoned or his sen-

---

[2] CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645).

[3] CL 1948, § 769.8 (Stat Ann 1954 Rev § 28.1080).

[4] CLS 1961, § 791.201 et seq. (Stat Ann 1954 Rev § 28.2271 et seq.).

[5] CLS 1961, § 791.261 et seq. (Stat Ann 1954 Rev § 28.2321 et seq.).

[6] CLS 1961, § 791.231 et seq. (Stat Ann 1954 Rev § 28.2301 et seq.).

tence commuted by the governor[7] or granted a new trial,[8] the defendant sentenced to prison was required to serve the maximum term unless paroled after a hearing of the parole board and issuance of a parole order.[9] Defendant's motion and supporting affidavit failed to assert any of the above permissive ways to shorten the maximum term he was then serving and therefore defendant's motion did not and could not raise any possible basis for granting relief.

Defendant on his arraignment readily admitted when he offered his plea of guilty that he had no authority to leave the prison. The trial judge was very careful to thoroughly inform the defendant of his rights and the nature and elements of the offense. The trial judge interrogated defendant at length so as to be assured that his plea of guilty was freely, voluntarily, and understandingly made and that it was not the result of any promises made to him and that no threats, force or duress was used in order to induce such a plea.

We are convinced that the judge fully satisfied the requisites of CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058) and GCR 1963, 785.3(2).

The withdrawal of a plea of guilty after sentence has been imposed rests in the sound discretion of the court. *People* v. *Vasquez* (1942), 303 Mich 340; *People* v. *Wolschon* (1966), 2 Mich App 186. We find the trial judge did not abuse his discretion in denying defendant's motion to withdraw his plea of guilty.

The refusal of the trial judge to grant defendant's petition to compel attendance of witnesses to appear and testify in support of defendant's motion was

---

[7] 1963 Const, art 5, § 14.

[8] CL 1948, § 770.1 (Stat Ann 1954 Rev § 28.1098).

[9] CLS 1961, §§ 791.235, 791.236 (Stat Ann 1954 Rev §§ 28.2305, 28.2306).

not an abuse of discretion. The claims of the defendant as set forth in his motion and affidavit, even though proven by such desired witnesses would have been insufficient to grant any relief. The court does not require by its order the performance of a useless act.

Affirmed.

FITZGERALD, J., concurred.

QUINN, P. J., concurred in result.