### PEOPLE *v.* TAYLOR.

1. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY—DISCRETION OF COURT.

   Refusal by trial court to allow defendant to withdraw a plea of guilty, in a case where defendant was arrested without a warrant, questioned for 2 days before being arraigned and charged with breaking and entering with intent to commit larceny, stood mute before circuit court, 3 days later withdrew plea of not guilty entered for him, pled guilty, was sentenced, and 8 months later petitioned to withdraw plea of guilty, *held*, abuse of discretion, where trial court failed to advise defendant what punishment might follow his conviction by plea of guilty, and failed to determine that the plea was voluntary (GCR 1963, 785.3[2]).

2. SAME—ACCEPTANCE OF PLEA OF GUILTY—ADVICE AS TO RIGHTS.

   A plea of guilty cannot be accepted in any case where defendant is charged with a felony until he is advised of his right to counsel, given an opportunity to request counsel, and counsel is appointed if he requests counsel and is indigent (GCR 1963, 785.3[2]).

3. SAME—CONSULTATION WITH COUNSEL—ACCEPTANCE OF PLEA.

   Trial court cannot accept a plea of guilty by a defendant charged with felony until counsel has been consulted, unless the record clearly shows defendant intelligently waived counsel (GCR 1963, 785.3[2]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 504, 505.
[2] 21 Am Jur 2d, Criminal Law §§ 486, 487, 492.
[3] 21 Am Jur 2d, Criminal Law §§ 488, 491, 492.
[4] 21 Am Jur 2d, Criminal Law §§ 484–492.

(333)

4. SAME—FELONY—MINIMUM REQUIREMENTS FOR ACCEPTANCE OF PLEA OF GUILTY.

Minimum requirements which must henceforth be met before a trial court can accept a plea of guilty in a felony case, regardless of whether defendant is represented by counsel, are (1) a verbatim record must be made of entire proceeding, (2) defendant must be informed of the nature of the accusation, in language he may be reasonably expected to comprehend, and the information must be read to him at this time unless he has waived the reading, (3) defendant must be advised of the consequence of his plea of guilty, that by so pleading he waives the right to trial by jury or trial judge, (4) the court must determine if a confession preceded the plea of guilty, if it was the reason for the guilty plea, and advise defendant he is entitled to a hearing to determine if the confession was freely made, and (5) the court must determine that the plea was made voluntarily without any promises or threats, advise defendant he has no obligation to plead guilty, that by pleading guilty he subjects himself to the maximum and minimum sentences, and (6) by interrogation of defendant or narration by him, the court must determine that defendant committed the crime to which he has pleaded guilty (GCR 1963, 785.3[2]).

Appeal from Jackson; Dalton (John C.), J. Submitted Division 2 May 4, 1967, at Lansing. (Docket No. 2,757.) Decided February 1, 1968. Leave to appeal granted by Supreme Court February 9, 1968.

John Robert Taylor was convicted of breaking and entering with intent to commit a larceny. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Vincent F. Stapley,* Assistant Prosecuting Attorney, for the people.

*L. Russell Heuman,* for defendant on appeal.

GILMORE, J. On April 17, 1965, defendant was arrested without a warrant and was held by the

police without a charge being placed against him; he was questioned at intervals until April 19, 1965, when he was charged with breaking and entering of a business establishment with intent to commit a larceny[1] therein and arraigned the same day before a magistrate on such charge. He waived preliminary examination and was bound over to circuit court. On arraignment there April 20, 1965, he stood mute and a plea of not guilty was entered. On April 23, 1965, this plea was withdrawn and a guilty plea was accepted. On May 14, 1965, he was sentenced to prison for a minimum of 29 months and a maximum of 10 years. On January 11, 1966, acting *in propria persona,* defendant filed a petition to withdraw plea of guilty, set aside conviction and grant a new trial. That same day counsel was appointed for defendant, and this was the first time he had legal representation, although he waived appointment of counsel at arraignment in circuit court. Defendant's petition was denied May 24, 1966, and he appeals.

Although defendant raises and argues several issues on appeal, some of which raise questions as to the voluntariness of the plea, we believe one issue is dispositive thereof, and it questions the compliance in the trial court with the requirements of GCR 1963, 785.3(2).[2] At no time did the trial judge advise defendant what punishment might follow his conviction by plea of guilty. Our recent decision in *People* v. *Charles A. White* (1967), 8 Mich App

---

[1] CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

[2] "If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

220, holds that such advice bears no relation to the phrase "consequence of his plea," but such advice is involved in the determination required by 785.3-(2), *supra,* that the plea was "freely, understandingly and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency." The record before us does not satisfactorily disclose that defendant's plea was so made, and we hold that it was an abuse of discretion to deny his petition to withdraw plea, set aside conviction and for a new trial.

Although we have statutory standards for accepting pleas of guilty, (CL 1948, § 768.35 [Stat Ann 1954 Rev § 28.1058]), and have had such standards since 1875,[3] and although we have had more specific standards by rule since 1947, (Court Rule No 35A [1945]),[4] and although much has been written by the Supreme Court and this Court[5] with respect to what

---

[3] See PA 1875, No 99.

[4] See 318 Mich xxxix.

[5] *Pardee* v. *Smith* (1873), 27 Mich 33; *People* v. *Banning* (1950), 329 Mich 1; *People* v. *Mahler* (1950), 329 Mich 155; *People* v. *Losinger* (1951), 331 Mich 490; *In re Joslin* (1952), 334 Mich 627; *People* v. *Coates* (1953), 337 Mich 56; *People* v. *Hollingsworth* (1953), 338 Mich 161; *People* v. *Case* (1954), 340 Mich 526; *Attorney General* v. *Recorder's Court Judge* (1954), 341 Mich 461; *People* v. *Henderson* (1955), 343 Mich 465; *People* v. *Crane* (1949), 323 Mich 646; *People* v. *Bumpus* (1959), 355 Mich 374; *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Whitsitt* (1960), 359 Mich 656; *In re Valle* (1961), 364 Mich 471; *People* v. *Whitsitt* (1962), 366 Mich 609; *People* v. *Barmore* (1962), 368 Mich 26; *In re Palmer* (1963), 371 Mich 656; *People* v. *Davis* (1964), 372 Mich 402; *People* v. *Zaleski* (1965), 375 Mich 71; *People* v. *Morris* (1966), 378 Mich 515; *People* v. *Parshay* (1967), 379 Mich 7; *People* v. *Reed* (1965), 1 Mich App 60; *People* v. *Wurtz* (1965), 1 Mich App 190; *People* v. *Kearns* (1965), 2 Mich App 60; *People* v. *Johnson* (1966), 2 Mich App 182; *People* v. *Atkins* (1966), 2 Mich App 199; *People* v. *Curtis Lee Williams* (1966), 2 Mich App 232; *People* v. *Daniels* (1966), 2 Mich App 395; *People* v. *Leach* (1966), 2 Mich App 713; *People* v. *Wilkins* (1966), 3 Mich App 56; *People* v. *Walls* (1966), 3 Mich App 279; *People* v. *Hoerle* (1966), 3 Mich App 693; *People* v. *Shaffer* (1966), 4 Mich App 192; *People* v. *Steele* (1966), 4 Mich App 352; *People* v. *Winegar* (1966), 4 Mich App 547; *People* v. *Cairns* (1966), 4 Mich App 633; *People* v. *Fleming* (1966), 4 Mich App 644; *People* v. *Smith* (1966), 5 Mich App 139; *People* v. *Hilko* (1966), 5 Mich App 166; *People* v. *Hobdy* (1966), 5 Mich App 275; *People* v. *Catterson* (1967), 5 Mich App 488; *People* v. *Goldfarb*

a trial court must do to satisfy these standards in accepting pleas of guilty, we have found no case which fully interprets all of such standards. In view of the many appeals reaching this Court because of alleged noncompliance by the trial courts with these requirements, we believe a specification by this Court of what it considers minimal compliance therewith and a suggested procedure for attaining such compliance will be a service to the trial bench and the bar.

It must be emphasized that before a plea of guilty can be accepted in any case where a defendant is charged with a felony, the defendant must be advised of his right to counsel, afforded an opportunity to request one, and must be provided with a lawyer, if he is indigent and desires to have counsel. While it is true that a defendant can knowingly and intelligently waive counsel and plead without counsel, unless the record is absolutely clear that the defendant waives counsel, it is incumbent upon the trial court to adjourn the matter and not accept a plea of guilty until counsel has had an opportunity to consult with his client.

Henceforth in all cases pending trial at the time of the handing down of this opinion, the following are minimum requirements for accepting a plea of guilty in felony cases whether or not defendant has counsel:

First, a verbatim record of the entire proceedings shall be made.

Second, the court must inform the defendant of the nature of the accusation. In doing so the court should avoid police jargon or catch titles and inform the defendant of the nature of the accusation in terms

(1967), 6 Mich App 7; *People* v. *McKinley* (1966), 5 Mich App 230; *People* v. *Dye* (1967), 6 Mich App 217; *People* v. *Wiggins* (1967) 6 Mich App 340; *People* v. *Wolschon* (1966), 2 Mich App 186; *People* v. *Hoy* (1966), 3 Mich App 666; *People* v. *Shillings* (1967), 6 Mich App 420.

that a layman should comprehend under the circumstances. Additionally, the court shall determine whether the information has been read to the defendant and read or cause the same to be read to him unless he expressly waives the reading thereof.

Third, the court must advise the defendant of the consequence of a plea of guilty. This means the court must inform him that he waives the right to trial by jury or the judge without jury and all the incidents thereof.

Fourth, the court shall inquire as to whether the defendant has made any confession to the police prior to the time of his plea of guilty and ascertain if the confession is a reason for making the plea. If it appears that the confession is a basis for the plea, before accepting the plea the court shall advise the defendant that he is entitled to a Walker type evidentiary hearing[6] to ascertain if the confession was freely, voluntarily and constitutionally made. In applicable cases this hearing shall be had unless expressly waived.

Fifth, the court must ascertain before accepting the plea that the plea has been freely, understandingly and voluntarily made, without any undue influence, compulsion, duress or promise of leniency. This means that the court must determine whether or not any promises of any kind have been made by anyone as to the court's disposition of the case, and if such were made, refuse the plea. It must advise the defendant that no promises can be made as to the disposition. Further, the court must satisfy itself on the record that the defendant understands that he has no obligation to plead guilty and that he subjects himself to anything up to the maximum punishment by doing so. The court must advise defendant of the maximum sentence that can be im-

---

[6] *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.

posed and the minimum sentence if there is a man-
datory minimum. The court shall ascertain if the
defendant is on probation or parole, and inform him
of the possible consequence of probation or parole
violation.

If at this point the court is satisfied that the de-
fendant thoroughly understands the consequence of
his plea, that he made the plea freely, understand-
ingly and voluntarily and without any promise of
leniency, or any undue influence, compulsion or
duress, the court shall determine from a narration
by the defendant or an interrogation of him that
the defendant actually committed the crime to which
he has pleaded guilty. In other words, the defend-
ant should be asked to state on the record what
he did and the court must satisfy itself from the
defendant's narrative or responses that the defend-
ant actually is guilty of all the elements of the crime
with which he is charged. Then and only then can
the court accept the plea of guilty.

The following is a suggested form of interroga-
tion. It is emphasized that the narration is not
mandatory but is merely a guide to the trial bench.

If the defendant is not represented by counsel the
court must advise the defendant before he is required
to plead that he is entitled to a trial by jury and
that he is entitled to counsel. The court must advise
the defendant that if he is financially unable to pro-
vide counsel that the court will provide counsel if
he requests. If the defendant waives his right to
trial by jury and states he does not want counsel,
the court must make a clear determination that the
defendant voluntarily and understandingly waives
his right to counsel and trial by jury. At the time
of the plea, whether counsel is present or not, the
following is a suggested form:

1. Do you understand that you would have the
right to have your attorney with you throughout the

trial, and if you could not afford an attorney, the county will provide you with one at public expense?

2. Do you understand you have a right to trial by jury or by the court without a jury of this case, and at that trial you would be presumed innocent, until proved guilty beyond a reasonable doubt?

3. What is your name and age? How far did you go in school?

4. You are charged with (here state offense). Has the information been read to you? Do you wish to have it read or do you waive the reading thereof? How do you plead to this offense?

5. Do you understand you are pleading guilty to a felony, the maximum penalty for which is X years in the State prison? (If there is a mandatory minimum, inform defendant of that as well.)

6. Do you understand that no one can make any promises for me as to how I will dispose of this case; that is, no one can promise I will be easy on you or put you on probation?

7. Has anyone promised you I would be easy on you?

8. Have any promises or threats been made to induce you to plead guilty?

9. Do you realize that as of now I do not know how I will dispose of this case, and that I will not know until I have a full and complete presentence report?

10. Do you understand that at that trial the people would have to produce all the witnesses against you in open court, and you would have the right through your attorney to cross-examine all of them?

11. Do you understand you would not have to take the witness stand in your own defense unless you desired to do so, and if you did not take the witness stand, the prosecutor could not comment on your failure to do so?

12. Do you want a jury trial or trial by the court without jury in this matter?

13. Have you made any confessions or admissions to the police involving this matter?

14. If so, do they have anything to do with your present plea of guilty? If for any reason you feel that the confessions or admissions you made were not freely and voluntarily made, you are entitled to have an evidentiary hearing prior to trial to have the court determine if the confessions or admissions were freely and voluntarily made. Do you wish the court to conduct such a hearing? (Get a response from the defendant on the record.)

15. Are you on probation or parole?

16. If so, do you realize that in pleading guilty you are admitting violation of probation or parole, and you may be punished for that?

17. Reviewing all the things I have told you, do you still desire to plead guilty?

18. When did you decide to plead guilty?

19. Why did you decide to plead guilty?

20. Did you discuss pleading guilty with anyone? With whom? What was the discussion? (Have defendant, or his attorney, and the prosecuting attorney state on the record their discussion with each other concerning a reduction of charge where a reduced charge is involved.)

21. Tell me in your own language what you did in this case.

It is obvious that the form and manner of the examination of the defendant by the trial judge rests in the sound discretion of the trial judge, providing the court fully complies with the mandate of this opinion, the mandate of GCR 1963, 785.3, and the statute governing the taking of pleas of guilty, CL 1948, § 768.35. It is emphasized that the requirements set forth in this opinion are prospective only,

in the acceptance of future pleas, and they will be applied to pleas taken subsequent to February 1, 1968.

For the reasons given, this case is reversed and remanded to the trial court for proceedings in conformity with this opinion.

LESINSKI, C.J., and QUINN, J., concurred.