## PEOPLE v. LUCY

1. CRIMINAL LAW — PLEA OF GUILTY — EXAMINATION — INQUIRIES — CONFESSION.

Requirement that the trial court examine the defendant, subsequent to a guilty plea, as to the facts of the crime, serves to assist the trial court in ascertaining the truth of the plea, and there is no requirement in guilty plea proceedings that the trial judge *sua sponte* inquire whether defendant had previously given an out-of-court confession.

2. CRIMINAL LAW—PLEA OF GUILTY—INDUCEMENT—LENIENCY.

The bare assertion that a promise of leniency or of a probation induced a defendant's guilty plea does not entitle defendant to a reversal of his conviction or even to a testimonial hearing.

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 December 9, 1969, at Lansing. (Docket No. 7,944.) Decided January 29, 1970.

Eotis Lucy, Jr., was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Motion to affirm by the people granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Frank J. Potts,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: DANHOF, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM.  Eotis Lucy, Jr., and his codefendant while represented by counsel pled guilty to the included offense of assault with intent to rob being armed contrary to MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).   Defendant was sentenced on May 27, 1969 and timely petitioned for appellate counsel. Within 60 days after the order of appointment counsel filed a timely claim of appeal.  It is contended that the lower court erred in failing to follow the guilty plea procedure enunciated in *People* v. *Taylor* (1968), 9 Mich App 333.  In particular it is contended that the lower court failed to inquire *sua sponte* as to whether the plea was preceded by a confession.  In addition it is contended that the lower court failed to examine the defendant relative to the facts of the crime.  Finally, it is contended that the plea to the lesser included offense was induced by promises of probation.  The appellee has filed a motion to affirm the conviction.

The Court of Appeals opinion in *People* v. *Taylor* (1968), 9 Mich App 333, relied upon by defendant herein, is not authority for the procedure to be employed in guilty plea proceedings.  See *People* v. *Taylor* (1968), 380 Mich 754.  Presently, there is no requirement in guilty plea proceedings that the trial judge *sua sponte* inquire whether defendant had previously given an out-of-court confession.  The requirement that the trial court examine the defendant as to the facts of the crime serves to assist the trial court in ascertaining the truth of the plea. Here the trial court was advantaged by a preliminary examination.  On point is *People* v. *Combs* (1968), 15 Mich App 450, 452.

· "Defendant also attacks the pleas on the basis he was not questioned by the trial judge relative to the facts of the crimes and defendant's participation therein, as required by *People* v. *Barrows* (1959), 358 Mich 267. A review of the record on the indecent liberties conviction discloses a preliminary examination which established the crime and defendant's participation in it. With this information at hand, the trial judge did not abuse his discretion in denying defendant's motion to withdraw his plea."

Defendant's final contention is based on an unsupported allegation that he was induced to plead guilty to the lesser included offense because of a promise of probation. This allegation is not supported by affidavit. It is not supported by the record. *People* v. *Dickerson* (1969), 17 Mich App 201, 203, is dispositive of this contention.

"The defendant's brief concludes with the claim that his plea of guilty was induced by promises of leniency and probation. The defendant does not state who is alleged to have made such promises. The bare assertion that a promise of leniency or of probation induced the defendant's plea does not entitle the defendant to a reversal of his conviction or even to a testimonial hearing on such meager allegations."

The motion to affirm the conviction is granted.