## PEOPLE *v.* KINSMAN

1. CRIMINAL LAW—PLEA OF GUILTY—PROCEDURE—INQUIRIES—CONFESSION.

   A trial judge is not required in guilty plea proceedings to inquire *sua sponte* whether defendant had previously given an out-of-court confession.

2. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR.

   Defendant's allegations by bare affidavit that he was coerced into making written admissions which induced his plea of guilty in reliance upon prosecutor's unkept promises *held* not sufficient to invalidate his guilty plea where the record does not support defendant's contention that he was influenced to plead guilty by the prospect or fear that these statements would be used against him at trial.

Appeal from Recorder's Court of Detroit, Richard M. Maher, J. Submitted Division 1 January 13, 1970, at Detroit. (Docket No. 7,412.) Decided January 29, 1970.

Leslie H. Kinsman was convicted, on his plea of guilty, of attempted larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Barbara Hackett,* Assistant Prosecuting Attorney, for the people.

*Peter R. Barbara,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: DANHOF, P. J., and FITZGERALD and Mc-GREGOR, JJ.

PER CURIAM.   Defendant was arrested for the crime of larceny by conversion, CL 1948 § 750.362 (Stat Ann 1954 Rev § 28.594), to which he pleaded not guilty.   He later withdrew this plea and entered a plea of guilty to an added lesser count of attempted larceny in a building.   After a sentence of 1–1/2 to 2 years, the defendant filed a motion for stay of execution, from a denial of which defendant appeals.

The defendant contends that the lower court erred in failing to follow the procedures enunciated in *People* v. *Taylor* (1968), 9 Mich App 333.   In particular, the defendant contends that the trial judge failed to inquire *sua sponte* whether the plea, preceded by a confession, was freely made or if he was induced to make written admissions by the prosecutor's unkept promises, thereby forcing his guilty plea.

Our opinion in *People* v. *Taylor, supra,* relied upon by defendant herein, is not authority for the procedures to be employed in guilty plea proceedings.   See *People* v. *Taylor* (1968), 380 Mich 754. Presently, there is no requirement in guilty plea proceedings that the trial judge *sua sponte* inquire whether a defendant had previously given an out-of-court confession.   The trial judge must comply with GCR 1963, 785.3.   He did so here.   See *People* v. *Bartlett* (1969), 17 Mich App 205, and *People* v. *Barrows* (1959), 358 Mich 267.

Defendant now, for the first time, and by way of a bare affidavit, alleges that he was coerced into making written admissions, which induced his plea. Defendant does not protest his innocence, but, in effect, only that his sentence is too harsh.

Defendant's arguments are inappropriate. If, in fact, he did make written admissions in reliance upon the prosecutor's unkept promises, he has not persuaded us that he suffered any detriment. The Court finds that the trial judge was unaware of any statements made by defendant, either at the acceptance of the plea or at sentencing. The record does not support defendant's contention that he was influenced to plead guilty by the prospect or fear that these statements would be used against him at trial. See *People* v. *Scruggs* (1968), 14 Mich App 47, 49; *People* v. *Mayfield* (1969), 16 Mich App 680, 681.

Affirmed.