PEOPLE *v.* OSTERHOUT

1. CRIMINAL LAW—PLEA OF GUILTY—CONFESSION.
   A trial judge need not inquire *sua sponte* whether a defendant offering a .plea of guilty had previously offered an out-of-court confession.

2. CRIMINAL LAW—PLEA OF GUILTY—COURT RULE.
   A trial court, in accepting a plea of guilty, is required to comply with the court rule, which demands reasonable ascertainment of the truth of the plea (GCR 1963, 785.3[2]).

3. CRIMINAL LAW—SENTENCE—APPEAL AND ERROR.
   The Court of Appeals will not review a punishment when it conforms to the penalty provided by law.

Appeal from Iosco, Allan C. Miller, J. Submitted Division 3 June 3, 1970, at Grand Rapids. (Docket No. 8,357.) Decided July 2, 1970.

Alan P. Osterhout was convicted, on his plea of guilty, of two charges of breaking and entering and one charge of malicious destruction of property. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for the people.

*James G. Orford,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 867.

Before: T. M. BURNS, P. J., and FITZGERALD and BYRNS,* JJ.

PER CURIAM. In August of 1969, Alan P. Osterhout, age 17, was arrested in Iosco County, Michigan. He was charged with breaking and entering two separate places of business[1] and the malicious destruction of property in one of them.[2] Defendant, while represented by counsel, waived preliminary examination and, at his arraignment in circuit court, pled guilty. On October 2, 1969, he was sentenced to serve from two to ten years on each count of breaking and entering and four years for destruction of property.

Defendant now seeks to set aside his guilty plea, contending that it was not freely, voluntarily and knowingly made. He argues that the court failed to ascertain whether defense counsel had sufficiently discussed the possible defenses to the respective charges with his client. It is also argued that the requirements for accepting a guilty plea as set forth in *People* v. *Taylor* (1968), 9 Mich App 333, were not adhered to by the trial court.

The present situation is governed by GCR 1963, 785.3(2), which reads as follows:

"Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made,

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).
[2] MCLA § 750.377a (Stat Ann 1970 Cum Supp § 28.609[1]).

without undue influence, under compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

During the proceedings, defense counsel informed the court as follows:

"I have fully covered the charges with Mr. Osterhout, and the possibilities that are included in those charges."

No contradiction to this statement was made by defendant who had ample opportunity to dispute it or to raise any question. Thereafter, the court advised defendant of his right to deny the charges, to be tried by a jury, to testify on his own behalf, to call and cross-examine witnesses, and that he was presumed innocent until proven otherwise. Nevertheless, defendant chose to plead guilty to all three counts. He admitted entering the business establishments and committing the acts of destruction. The following colloquy between defendant and the court discloses the requisite intent as well as the reason for so pleading:

"*The Court:* You had the thought of stealing something to eat at the time you entered?
"*Defendant:* Yes.
"*The Court:* You are pleading guilty because you know you are guilty?
"*Defendant:* Yes, sir."

There is nothing in the colloquy between the court and defendant regarding the events preceding and at the time of the crime which suggests that defendant may have a good defense. Defendant was represented by counsel at all stages of the proceedings below and the question of intoxication was never raised. The record reveals no mention of intoxication or claimed impairment and there was no duty on the court to bring it up. Defendant's own ad-

missions foreclose any doubt regarding intent as well as the truth of the plea. A review of the record establishes a substantial factual basis for the plea. *People* v. *Seifert* (1969), 17 Mich App 187; *People* v. *Donald T. Moore* (1970), 21 Mich App 150.

Defendant improperly relies upon *People* v. *Taylor, supra,*[3] for it is not authority for the procedure to be employed in guilty plea proceedings. Presently, there is no requirement that the trial judge *sua sponte* inquire whether defendant had previously offered an out-of-court confession as the defense suggests. *People* v. *Kinsman* (1970), 21 Mich App 242; *People* v. *Lucy* (1970), 21 Mich App 252. A trial court is required to comply with the Court rule cited *supra,* which demands reasonable ascertainment of the truth of the plea. *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Bartlett* (1969), 17 Mich App 205.

An examination of the record in the present case demonstrates that defendant's plea was freely, voluntarily and knowingly made. The truth of the plea was ascertained and it was accepted in accordance with the court rule. Furthermore, there is no evidence that a miscarriage of justice has resulted. *People* v. *Winegar* (1968), 380 Mich 719; *People* v. *Dunn* (1968), 380 Mich 693.

Defendant also contends that the sentences imposed by the trial court were excessive, and an abuse of discretion, in view of his youth. The respective sentences were within the maximum prescribed by statute. This Court will not review a punishment when it conforms to the penalty provided by law. *People* v. *Pate* (1966), 2 Mich App 66; *People* v. *Jew* (1970), 21 Mich App 408.

Affirmed.

[3] Reversed April 13, 1970, 383 Mich 338.