PEOPLE v. SCHLEICHER

CRIMINAL LAW—PLEA OF GUILTY—BARGAINED PLEA—PLEA NEGOTIA-
TION—PAROLE STATUS.
Valid acceptance of a bargained plea of guilty does not require
that the record reflect the details of the plea negotiations or
that an inquiry as to the defendant's parole status be made
or that the defendant be advised as to the effect of the plea
on his parole status.

Appeal from Oakland, Clark J. Adams, J. Sub-
mitted Division 2 April 8, 1971, at Lansing. (Dock-
et No. 10017.) Decided May 26, 1971.

Larry Schleicher was convicted, on his plea of
guilty, of the unlawful driving away of an automo-
bile. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *Thomas G. Plunkett*,
Prosecuting Attorney, and *Frank R. Knox*, Assist-
ant Prosecuting Attorney, for the people.

*Kathryn Schindelar*, for defendant on appeal.

Before: QUINN, P. J., and R. B. BURNS and
McGREGOR, JJ.

PER CURIAM. June 1, 1970, represented by coun-
sel and on the scheduled trial date, defendant plead-

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 494.

ed guilty to a second count added to the information that day on the oral motion of the prosecuting attorney with the approval of defendant's counsel. The second count of the information charged defendant with a lesser offense than the first count. The plea was clearly a negotiated plea. Defendant was sentenced to prison.

Relying on *People* v. *Taylor* (1968), 9 Mich App 333, defendant contends on appeal that the plea procedure was reversibly faulty because the mandatory guidelines of *Taylor* were not followed. The guidelines referred to are the suggestions in *Taylor* that the record reflect the details of the plea negotiations and that inquiry was made as to defendant's parole status and that he was advised of the effect of the plea on his parole status.

We reject defendant's arguments on appeal for the following reasons:

1. The guidelines relied on were not mandatory.

2. *People* v. *Taylor* (1970), 383 Mich 338, reversed the Court of Appeals in *Taylor, supra.*

3. Defendant did not file a motion to withdraw his plea in the trial court. *People* v. *Barron* (1970), 27 Mich App 379.

Affirmed.